[No. 14650.   Department One. — December 24, 1892.]

## CHARLES K. BREEZE et al., Appellants, *v.* JOHN BROOKS et al., Respondents.

Fraudulent Conveyance — Resulting Trust — Deed to Beneficiary — Action by Creditors of Trustee — Estoppel of Beneficiary. — In an action by the creditors of one who held the legal title to land as a resulting trust in favor of his brother, who paid the consideration for the land, to set aside a deed made to such brother in execution of the trust, on the ground that the conveyance was in fraud of the creditors of the trustee, it is necessary, in order to entitle the creditors to recover upon the ground of estoppel of the beneficiary, to show that the beneficiary was in some way privy to the trustee's obtaining credit from them, or that in giving such credit they relied upon some affirmative statement or act of the beneficiary other than the mere fact of his permitting the title to stand of record in the name of the trustee, if the creditors did not examine the record, or rely thereon as an inducement to give credit to the holder of the legal title.

Id. — REPUTATION OF OWNERSHIP BY TRUSTEE — RECOGNITION OF TITLE BY
    BENEFICIARY — KNOWLEDGE OF CREDITORS. — The creditors of the trus-
    tee cannot rely upon the fact that while he was the holder of the legal
    title he was generally reputed or believed to be the owner, or that his
    ownership was recognized by the beneficiary in a litigation between the
    trustee and other parties, where it does not appear that the creditors had
    knowledge of such general reputation, or of what was done during the
    litigation, or that they in any way relied thereon in giving credit to the
    trustee.

Id. — CREDIT UPON APPARENT OWNERSHIP AND DECLARATIONS OF TRUSTEE
    IN POSSESSION — KNOWLEDGE OF BENEFICIARY. — Although it appears
    that credit was given by the plaintiffs on account of the apparent owner-
    ship of the trustee and his exclusive possession of the property and re-
    lying upon his declarations that he was the owner thereof, the beneficiary
    is not bound thereby, if it does not appear that he had any knowledge
    that the trustee was obtaining credit with the plaintiffs upon the faith of
    his apparent ownership of the land.

FINDINGS — CONSTRUCTION — APPEAL FROM JUDGMENT — INFERENCE FROM
    FACTS FOUND. — The findings of the trial court are to receive such a con-
    struction as will uphold rather than defeat its judgment thereon, and
    whenever, from the facts found by it, other facts may be inferred which
    will support the judgment, such inference will be deemed to have been
    made by the trial court, and upon an appeal from that judgment the
    appellate court will not draw from those facts any inference of fact
    contrary to that which may have been drawn by the trial court for the
    purpose of rendering such judgment.

Id. — DECISION UPON FORMER APPEAL — FINDINGS UPON SECOND TRIAL. —
    The findings of the court upon a second trial, after the decision of this
    court upon a former appeal, must be deemed to have been made in the
    light of that decision as to what was essential to a recovery by the
    plaintiffs, and its failure to find from the evidence the facts then declared
    to be essential to such recovery, as well as its own construction of its
    findings, made by rendering judgment for the defendants, must be re-
    garded as its own conclusion that the evidence was insufficient to justify
    such findings as under the former opinion of this court would authorize
    a decision in favor of plaintiffs.

APPEAL from a judgment of the Superior Court of San
Mateo County.

The facts are stated in the opinion of the court, and
in the decision rendered upon the former appeal. (71
Cal. 169.)

*George W. Fox, George C. Ross,* and *S. F. Leib,* for Ap-
pellants.

*E. B. Mastick,* and *W. C. Belcher,* for Respondents.

Harrison, J. — The plaintiffs brought this action to subject certain lands of Patrick Brooks, which he had allowed to stand of record in the name of his brother John, to their claim as creditors of John, upon the ground that the subsequent transfer from Patrick to John was fraudulent, and with intent to defraud them as creditors. Judgment was rendered in favor of the defendants, and the plaintiffs have appealed upon the judgment roll alone, claiming that upon the findings of fact judgment should have been given in their favor. Upon a former appeal herein (71 Cal. 169), the judgment in favor of the plaintiffs was reversed upon the ground that the findings did not sustain it, and the action was remanded for a new trial. Unless, therefore, the facts now presented are materially different from those presented upon the former appeal, the judgment of the court below must be affirmed. ·

The findings of fact which were before the court on the former appeal are substantially set forth in the report of the case, and were again made by the court upon the subsequent trial, and in the same language as before. In addition thereto, the court has now found that during the time that the legal title to the land stood in John, he was generally reputed and believed in his neighborhood, and among his neighbors, and by the community generally, to be the legal and equitable owner of the land; that the deed to him was delivered to him in person by the grantors, and was taken by him to the recorder's office for record, and was recorded at his request; that during the time that it stood of record in his name it was assessed to him and in his name, and that he had paid certain taxes thereon; that in the year 1869 he commenced an action against the Spring Valley Water Works for damages, which, after having been partly tried, was compromised between the parties without going to judgment, under which the defendant paid him certain moneys; that at the trial thereof, Patrick testified as a witness in his favor, and it was stipulated by counsel for the respective parties in open court, and in the presence

of Patrick, that John was the owner in fee of the land. The court also finds certain details of the transactions between John and the plaintiffs, by which he incurred the indebtedness for which he gave them the promissory note on which they recovered the judgment they are now seeking to enforce; and that during all this time the only information which Patrick had that John was obtaining credit from the plaintiffs, or dealing with them, was, that he was informed of an error which the plaintiffs made in September, 1872, by charging two items, amounting to about twenty dollars, to John instead of to himself, and of the subsequent correction of the error by transferring the items to his own account.

A comparison of the facts found at the last trial with those before the court on the former appeal shows that they do not take the case out of the principles then laid down, or call for the application of any different principles. It was then held necessary that the plaintiffs, in order to entitle them to a recovery, should show that Patrick was in some way privy to John's obtaining credit from them, or that in giving such credit they relied upon some affirmative statement or act of Patrick, other than his permitting the title to stand of record in John's name; and that the mere fact that Patrick allowed the title to the land to stand of record in the name of John was unavailing to the plaintiffs, unless they could establish, to the satisfaction of the court, that they relied thereon as an inducement to give credit to John. The court says, in its opinion: "The findings negative the idea that the plaintiffs, in giving credit to John, relied on any statement of Patrick that John owned the land; nor is it intimated that they examined the records of deeds, or that of the partition suit, to find out what they disclosed in reference to John's title, or relied on them in any way to induce the credit which they extended to John. They seem to have relied on the facts that John lived on the land, claimed it in his conversations with them as his, and that he was insolvent, and Patrick knew it, and that is all which it is there claimed even tends

to show Patrick as having been privy in any way to John's obtaining credit from the plaintiffs. . . . . So far as the findings disclose, Patrick did no act to induce creditors of John to believe the land was John's, save that he allowed the title upon the record to stand in John's name, which record these creditors never examined. It does not appear that Patrick had any knowledge that John was getting credit from any one upon the faith of his apparent ownership of the land. There was therefore, on the part of the former, no such carelessness or negligence as amounted to even the smallest degree of turpitude, and in such a case we understand the authorities all to agree that one cannot be estopped to set up that which but for such act would be a good, legal title to land."

Instead of there being affirmative findings in their favor, as in the opinion upon the former appeal was held to be essential to a recovery by them, the findings now presented fail to show that the plaintiffs had any knowledge of the relation held by John to the land, or of his acts in reference thereto. It is not found that they knew that he was generally reputed or believed to be the owner or had any information of the litigation between him and the Spring Valley Water Works, or of what was done by him or by Patrick during that litigation, and it cannot therefore be said that it appeared to the trial court that they in any way relied thereon in giving credit to John. On the contrary, the court finds that the plaintiffs believed the statements of John that he was the owner of the land, and knew that he was in exclusive possession of the property, "and relied on said statements, and were wholly ignorant of the fact that he (John) was not the equitable owner thereof, or that said Patrick had or claimed to have any interest therein, and *solely* by reason of said statements, apparent ownership, and belief gave said John said credit, and would not have given him credit except for said statement, belief, and apparent ownership."

Neither do the facts found by the court show that Pat-

rick had any knowledge that John was obtaining credit with the plaintiffs upon the faith of his apparent ownership of the land. The court does not find that he had any such knowledge, and its finding that he knew of the charge to him of certain items which should have been charged to himself and the subsequent correction of the mistake cannot be construed as equivalent to a knowledge that they were charged to John upon any faith in his ownership of the land. We are not at liberty to assume, as is urged on behalf of appellants, that because of the relation between Patrick and John, and of the knowledge which Patrick had of John's relation to the land, and his knowledge that he was dealing with the plaintiffs, he must have known that they gave him this credit upon their faith in his apparent ownership of the land. The findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court, and upon an appeal from that judgment, this court will not draw from those facts any inference of fact contrary to that which may have been drawn by the trial court for the purpose of rendering such judgment. The trial court in this case had before it the opinion of this court on the former appeal, and must be deemed to have made its findings of fact from the evidence before it in the light of what was then held to be essential to a recovery by the plaintiffs. Its failure to find from the evidence the facts then declared essential to a recovery, as well as its own construction of the findings, which it has made by rendering a judgment thereon in favor of the defendants, must be regarded as its own conclusion that the evidence was insufficient to justify such findings as, under the former opinion of this court, would authorize a decision in favor of the plaintiffs.

The judgment is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.