[L. A. No. 23.   Department One.—March 21, 1896.]

## C. H. GOULD, APPELLANT, v. C. F. EATON ET AL., RESPONDENTS.

WATER RIGHTS—PERCOLATING WATER—DIVERSION THROUGH TUNNEL—RIGHT OF OWNER OF SOIL.—The principles of law which govern the right to waters flowing upon the surface of the earth are inapplicable to waters which percolate through the soil; and such percolating waters, so long as they are in a condition of percolation, and do not form part of a defined stream, belong to the owner of the land regardless of the material through which they percolate, whether it be loose sand or sandstone, and such owner may, by a tunnel, intercept and develop such waters, and divert and appropriate them to his own use.

ID.—DIRECTION OF PERCOLATION—SEAM OF CLAY—RIGHT OF DIVERSION FROM ADJACENT LAND.—The fact that the course of percolating waters is arrested by a seam of clay, and that they percolate through porous sandstone lying close to the seam of clay, along such seam, in a definite direction toward adjacent lands, does not affect the exclusive dominion over such percolating waters by the owner of the soil, and his mere diversion of such direction does not change their character as percolating waters; nor does he violate the rights of the owner of the adjacent lands by diverting and appropriating such waters, so as to prevent them from reaching the adjacent lands, or so as to destroy advantages therefrom previously enjoyed by the adjacent proprietor.

FINDINGS—INFERENCES OF FACT—APPEAL—PRESUMPTION—SUPPORT OF JUDGMENT.—The inference of one fact from another must be made by the trial court, unless such inferred fact is a necessary conclusion from the findings made; and if the facts found are such as might authorize different inferences therefrom, it will be presumed upon appeal that the inference made by the trial court was one that will uphold rather than defeat the judgment.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   W. B. COPE, Judge.

The facts are stated in the opinion of the court.

*R. B. Canfield*, for Appellant.

The general rule that underground waters percolating through the earth belong to the owner of the land through which they pass is not applicable here.   (*Acton v. Blundell*, 12 Mees. & W. 324; *Dickinson v. Canal Co.*, 7 Ex. 280; *Chasemore v. Richards*, 7 H. L. Cas. 349; *Mosier v. Caldwell*, 7 Nev. 366; Angell on Watercourses, 6th. ed., secs. 112 *b*, 112 *c*; *Haldeman v. Bruckhart*, 45 Pa. St. 514; 84 Am. Dec. 515; *Strait v.*

*Brown,* 17 Nev. 317; 40 Am. Rep. 497; Kinney on Irrigation, secs. 48, 49; *Greenleaf* v. *Francis,* 18 Pick. 117; *Lybe's Appeal,* 106 Pa. St. 626; 51 Am. Rep. 542.) The water percolating through the sandstone and passing along the seams and cracks thereof in the direction of the trend of the stratum, constituted a defined tributary of the stream, and its diversion to nonriparian land should be enjoined. (Kinney on Irrigation, sec. 48; *Hebron Gravel Road Co.* v. *Menzies,* 90 Ind. 192; 46 Am. Rep. 199; Pomeroy's Riparian Rights, sec. 63; Gould on Waters, sec. 245; *Bailey* v. *Woburn,* 126 Mass. 416; *Ætna Mills* v. *Brookline,* 127 Mass. 69; *Emporia* v. *Soden,* 25 Kan. 588; 37 Am. Rep. 265; *Grand Junction Canal Co.* v. *Sugar,* L. R. 6 Ch. App. Cas. 483; *Proprietors of Mills* v. *Braintree etc. Co.,* 149 Mass. 478; Gould on Waters, secs. 264, 536, 542; *Whitstone* v. *Bowser,* 29 Pa. St. 60; *Keeney* v. *Carillo,* 2 N. Mex. 480; *Saddler* v. *Lee,* 66 Ga. 45; 42 Am. Rep. 62; *Strait* v. *Brown, supra; Cross* v. *Kitts,* 69 Cal. 222; 58 Am. Rep. 558; *Smith* v. *Adams,* 6 Paige, 435; *Hale* v. *McLea,* 53 Cal. 578; *Bassett* v. *Salisbury Mfg. Co.,* 43 N. H. 569; 82 Am. Dec. 179.) Findings must be so construed as to be consistent with each other, where this is possible under a reasonable construction of their terms. (*Schultz* v. *McLean,* 93 Cal. 329.)

*Wright & Day,* and *Robert Y. Hayne,* for Respondents.

The law governing surface streams is not applicable to percolating waters or to subterranean streams having no known channel or current. (*Hanson* v. *McCue,* 42 Cal. 303; 10 Am. Rep. 299; *Cross* v. *Kitts,* 69 Cal. 217; 58 Am. Rep. 558; *Southern Pac. R. R. Co.* v. *Dufour,* 95 Cal. 615; *Wheatley* v. *Baugh,* 25 Pa. St. 528; 64 Am. Dec. 721; *Haldaman* v. *Bruckhart,* 45 Pa. St. 514; 84 Am. Dec. 511; *Delhi* v. *Youmans,* 50 Barb. 316; *Elster* v. *Springfield,* 49 Ohio St. 82; *Roath* v. *Driscoll,* 20 Conn. 533; 52 Am. Dec. 352; *Brown* v. *Illius,* 27 Conn. 84; 71 Am. Dec. 49; *New Albany etc. R. R. Co.* v. *Peterson,* 14 Ind. 112; 77 Am. Dec. 60; *Davis* v. *Spaulding,* 157 Mass. 431;

*Acton* v. *Blundell*, 12 Mees. & W. 324; *Kinnard* v. *Standard Oil Co.*, 89 Ky. 468; 25 Am. St. Rep. 545; *Taylor* v. *Welch*, 6 Or. 200; *Lux* v. *Haggin*, 69 Cal. 417, 419; *Chasemore* v. *Richards*, 7 H. L. Cas. 359; *New River Co.* v. *Johnson*, 2 El. & E. 444, 445; *Moisier* v. *Caldwell*, 7 Nev. 363; *Taylor* v. *Fickas*, 64 Ind. 161; 31 Am. Rep. 114; *New Albany etc. R. R. Co.* v. *Peterson, supra; Frazier* v. *Brown*, 12 Ohio St. 303; *Williams* v. *Ladew*, 161 Pa. St. 283; 41 Am. St. Rep. 891; *Buffum* v. *Harris*, 5 R. I. 253.) The water flowing underneath the surface in unknown channels, or percolating through the soil belongs to the owner of the soil, and he may do with it what he pleases. (*Hanson* v. *McCue, supra; Cross* v. *Kitts, supra; Wheatley* v. *Baugh, supra; Bloodgood* v. *Ayers*, 108 N. Y. 400; 2 Am. St. Rep. 443; *Taylor* v. *Welch, supra;* Washburn on Easements, 210, 364; Gould on Waters, secs. 263, 265, 282; *Collins* v. *Chartiers Valley Gas Co.*, 131 Pa. St. 143; 17 Am. St. Rep. 791; *Southern Pac. R. R. Co.* v. *Dufour, supra; Lybe's Appeal*, 106 Pa. St. 634; 51 Am. Rep. 542.)

HARRISON, J.—The Cold Spring branch of Montecito creek has its rise in the Santa Inez Mountains, and flows in a southerly direction through a canyon on the southerly slope of said mountains. These mountains in the neighborhood of said stream are composed chiefly of parallel strata of sandstone, extending across the canyon, and separated by seams parallel with the strata, filled with clay which is impervious to water. This sandstone is porous and fissured with seams and cracks, both parallel with the strata and transversely thereto. The trend of the strata is nearly east and west, and nearly at right angles with the general course of the canyon and of the stream, and the dip of the strata is toward the north, and at an angle of about eighty degrees. The stream has a fall of about four hundred feet to the mile, and its natural supply is the rain which falls upon the adjacent mountains, and descends into the sandstone, percolating through it, and passing

along the seams and cracks thereof in a direction with the trend of the strata. The plaintiff is the owner of a tract of land through which the stream flows, and from which his land derives a benefit. In October, 1892, the owner of a tract of land extending on both sides of the stream above that of the plaintiff granted to the defendants the right to enter thereon and excavate a tunnel for developing water, and in pursuance thereof the defendants commenced the construction of a tunnel at a point about thirty feet west of the stream, and at an elevation of about four feet above its level, and continued the construction of said tunnel in a northerly direction for about six hundred feet. The tunnel was constructed so as to be throughout the greater part of its length below the level of the stream, and so that this depth increased gradually toward the head or northern end, where it was about fifty feet below the level of the stream. At a point about three hundred feet from the mouth of the tunnel there is a bold outcropping of one of the strata of said sandstone, and for a space of thirty yards along the canyon, extending from near the foot of the western slope of the mountains to the margin of the stream, a distance of about one hundred feet, the water, prior to the construction of the tunnel, percolating through this stratum, moistened the ground and sustained thereon a growth of ferns. Within this growth of ferns there were, prior to the construction of the tunnel, certain small springs, the waters of which came to the surface in such quantities as to be visible, and percolating through said ferns seeped into the stream along the western bank thereof, but did not form a defined channel or current. The line of the tunnel was a short distance west of this growth of ferns and the locality of these springs, and also about forty feet below the level of the same, and the effect of its construction has been to intercept and divert into and through the tunnel the waters that had previously supplied the springs, and to cause the same, and the seepage therefrom into the stream, to wholly disappear. The porous charac-

ter of the sandstone formation which crosses the canyon permits water from the ground neighboring to and overlying the tunnel, and water from the channel of the stream, to drain into the tunnel. The court finds that the intention of the defendants in running the tunnel was to intercept and divert into said tunnel the subterranean waters stored in and percolating through said sandstone, and passing along the seams and cracks thereof, and particularly to intersect the aforesaid stratum of sandstone, and to intercept and divert into the tunnel the water percolating and passing through and along said stratum and the seams and cracks thereof, but that they did not intend to divert from their natural course any waters flowing from said springs, or to divert from said stream any water naturally flowing in the channel thereof, and that the said small springs and the waters percolating or seeping therefrom are the only tributaries of said stream affected in any way by the construction of said tunnel.

The plaintiff brought the present action to restrain the defendants from diverting the waters of the stream by means of said tunnel, and from preventing the water which would issue from the mouth of the tunnel from flowing back into the channel of the stream. The court found that at the time of the trial of the action there was a flow of water from the tunnel at its mouth of three and ninety-two hundredths inches, measured under a four-inch pressure, and that of this amount one and forty-three hundredths inches was, and under the conditions then existing would be, obstructed and diverted, by reason of the tunnel, from the natural course of the waters flowing in said stream; that, except as to said one and forty-three hundredths inches, the whole of the flow of water from said tunnel had been developed and gathered from the subterranean waters percolating in the sandstone of the adjacent mountains, and passing along the seams and cracks thereof, and did not come from the channel of said stream. Judgment was thereupon rendered, giving to the plaintiff the

relief asked by him, to the extent of one and forty-three hundredths inches. From this judgment, in so far as by its terms the defendants are permitted to appropriate and divert the waters flowing from the tunnel in excess of one and forty-three hundredths inches, the plaintiff has appealed. The appeal is presented here upon the judgment-roll alone, without any bill of exceptions.

The rule is well established that the principles of law which govern the right to waters flowing upon the surface of the earth are inapplicable to waters which are beneath its surface and percolate through the soil. The water which is held by the soil is a portion of the soil itself, and belongs to the owner of the land as fully as any other ingredient of the land. (*Hanson* v. *McCue,* 42 Cal. 303; 10 Am. Rep. 299; *Southern Pac. R. R. Co.* v. *Dufour,* 95 Cal. 615.) This rule is not changed by the character of the material through which the water percolates, whether it be loose sand, or a more compact sandstone. So long as the water is in a condition of filtration or percolation it is a part of the soil and subject to the sole dominion of the proprietor of the land in which it is found. The appellant does not dispute this proposition of law, but contends that it is inapplicable to the present case, inasmuch as it appears, from the findings of fact herein, that by reason of the seam of clay which separated the strata of sandstone, and which is impervious to water, the waters, which had up to that point been in a state of percolation through the sandstone, ceased to be in percolation, and thereafter passed along the seam in the direction of the creek; that this constituted a defined stream of water beneath the surface, and is to be governed by the same laws as govern streams upon the surface of the earth. This conclusion, however, necessitates the inference of the fact from the findings which has not been made by the court, and which will have the effect to defeat the judgment which the court has rendered. The inference of one fact from others, unless such fact is a necessary conclusion from those others, must be made by the trial court, and, if the facts that

it has found are such as might authorize different inferences therefrom, it will be assumed that the inference made by the trial court was one that will uphold, rather than defeat, its judgment. (*Breeze* v. *Brooks*, 97 Cal. 72.) The court has not found that there is any flow or stream of water at the seam of the stratum, nor do the findings which it has made authorize such a conclusion. As it must be assumed that the stratum of sandstone is uniformly porous, and extends close to the seam which limits it, it must follow that the water within that stratum is in a state of percolation until it is arrested by the seam, and is thereafter, by reason of gravitation, diverted toward the channel of the creek. The mere diversion of its direction does not, however, change its character from percolating water to a flowing stream. So long as it is within the sandstone, although the lower part of the stratum may be more highly charged with the water than the upper part, it merely percolates through the sandstone until it is freed at the outcropping of the stratum where it borders upon the stream. It is frequently the case that the course of percolating waters is in some definite direction, but the owner of the land in which they are found has the exclusive dominion over them, and does not violate the rights of another by appropriating them to his own use, even though the effect be to divert their course from adjacent lands, or to destroy the advantages therefrom previously enjoyed by an adjacent proprietor.

The judgment is affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.