[L. A. No. 1443. Department Two.—June 22, 1904.]

## TEXAS M. PAINE and MURREL T. PAINE, Respondents, v. SAN BERNARDINO VALLEY TRACTION COMPANY, Appellant.

NEGLIGENCE—COLLISION OF CAR WITH BUGGY—FINDINGS—INFERENCE—SUPPORT OF JUDGMENT.—In an action for injuries arising from the alleged negligence of the defendant in causing a collision of its electric car at a · crossing with a buggy in which plaintiffs were riding, findings that "plaintiffs acted with due care and caution in approaching said crossing and did not contribute to the said accident by any negligent conduct on their part," and "that defendant was guilty of negligence in the operating and managing of said car, and in running at said rate of speed,"—viz., from twenty-five to thirty miles per hour,—and that by reason of said negligent acts and conduct of defendant the plaintiff's wife was severely injured in her person, to her damage in a specified sum, reasonably involve the inference that the collision was the result of the defendant's negligence, and will sustain the judgment as if expressly found.

[1] 71 Am. Dec. 625.

ID.—CONSTRUCTION OF FINDINGS—INFERENCE OF FACT—PROVINCE OF TRIAL COURT.—The findings made by the trial court are to be liberally construed so as to uphold rather than to defeat its judgment. It is the province of the trial court to make any inference of fact from the evidence or from the facts found by it; and the appellate court will not draw a different inference from that drawn by the trial court to defeat the judgment.

ID.—SUPPORT OF FINDINGS—ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions, it will be assumed that the evidence before the court was sufficient to sustain the findings when liberally construed in support of the judgment.

ID.—FINDINGS OF INJURY TO WIFE—JUDGMENT FOR HUSBAND AND WIFE —PARTIES.—Upon findings of injury to the wife only, judgment was properly rendered in favor of the husband and wife. Damages for a personal injury to the wife are part of the community property; and the husband is a necessary party in an action for their recovery.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion.

E. R. Annable, and Goodcell & Leonard, for Appellant.

L. M. Sprecher, and Henry M. Willis, for Respondents.

HARRISON, C.—The plaintiffs are husband and wife, and brought this action to recover damages from the defendant for a personal injury sustained by the wife by reason of the negligence of the defendant. The case was tried by the court without a jury, and findings and judgment were given in favor of the plaintiffs. The defendant has appealed from the judgment upon the ground that it is not sustained by the findings, bringing the appeal here upon the judgment-roll without any bill of exceptions.

The plaintiffs were driving in a buggy in the city of San Bernardino, along G Street, in a northerly direction towards Third Street, and had reached the south crosswalk of the intersection of said streets when they perceived a car of the defendant on Third Street, about two hundred feet west of the crossing, coming towards them, which was being propelled by electricity at the rate of from twenty-five to thirty miles an hour. By reason of obstructions to their

view to the west, the plaintiffs were unable to see the car until they were at said crosswalk, or to hear any warning of its approach. The motorman of the car saw the buggy and horse approaching the line of the road when the front of the car was two hundred feet west of the crossing, but made no effort to stop the car or slacken its speed until it reached the west side of G Street. Immediately upon seeing the car the plaintiffs turned their horse's head sharply to the east, cramping the buggy as far as possible, but notwithstanding their precaution the car violently struck the left front wheel of the buggy and hurled it, together with the plaintiffs, to the ground, and dragged them a great distance thereon.

The court found "That plaintiffs acted with due care and caution in approaching said crossing and did not contribute to the said accident by any negligent act or conduct on their part; that defendant was guilty of negligence in the operating and managing of said car and in running at the said rate of speed"; and that by reason of said negligent acts and conduct of defendant and said collision the plaintiff wife was severely injured in her person and suffered great pain and suffering, to her damage in the sum of eight hundred dollars.

The appellant urges that inasmuch as the injury was caused by the collision, and as the court does not expressly find that the collision was caused by reason of the negligent act and conduct of the defendant, its liability for the injury is not shown.

It is a well-settled rule that the findings of fact made by the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon. It is the province of the trial court to make any inference of fact which may be drawn from the evidence before it, or from the facts found by it, and if from the facts which it has found other facts may be inferred which will support the judgment, it will be assumed that the trial court made such inferences. If different inferences may be drawn from those facts, this court will not, upon an appeal from the judgment, draw an inference contrary to that drawn by the trial court, or which will have the effect to defeat the judgment of that court. (*Breeze* v. *Brooks,* 97 Cal. 77; *Gould* v. *Eaton,* 111 Cal. 644;[1] *People's Home Savings Bank* v. *Rickard,* 139 Cal. 285.)

[1] 52 Am. St. Rep. 201.

If the car was running at a point two hundred feet west of the crossing at the rate of twenty-five miles an hour, and the motorman made no effort to slacken its speed until he reached the west side of the crossing, and it struck the buggy violently and hurled its occupants to the ground, it is a reasonable, if not an almost irresistible, inference that the collision was the result of this mode of operating the car; and in the absence of any other fact from which the collision could have been caused, the finding of the court that the defendant was guilty of negligence in the operating and managing of said car and in running at said rate of speed reasonably involves the inference that the collision was the result of this negligence. The judgment is as fully sustained by the findings as if such finding had been expressly made. The injury to the plaintiff resulted directly from the collision of the car with the buggy; and if this collision was caused by the negligence of the defendant, the finding that she was injured by reason of its negligent act and conduct, as well as its liability therefor, is not impaired by the additional statement in the finding that she also sustained such injury by reason of the collision.

The suggestions in the appellant's brief that because the court does not find the exact distance from the crossing at which the car was running at that rate of speed, or the rate of speed at which it was running when the motorman first saw the buggy or at the time it reached the west side of the crossing, or how great was the width of G Street, or how far the car was from the buggy, are without merit. Findings of fact are to be liberally construed in support of the judgment, and not with the strictness appropriate to the consideration of a complaint which is attacked by a special demurrer. In the absence of any bill of exceptions, it will be assumed that the evidence before the court was ample to sustain the findings. If the appellant would question its sufficiency for this purpose, or would claim that the evidence upon the facts above suggested in its brief would have impaired the correctness of the findings, it should have presented the same in a bill of exceptions or moved for a new trial. Not having done so, the findings are not only to be regarded as fully supported by the evidence, but it is also to be assumed that there was no evidence before the court which in any respect qualified or limited

their effect, or the ordinary construction to be given to the language in which they are expressed.

The further objection to the judgment that because the court has found that only the plaintiff Texas M. Paine sustained damage by reason of the injury, the court had no authority to render judgment in favor of both of the plaintiffs is likewise overruled. The objection here made was presented and directly overruled in *Neale* v. *Depot Railway Co.,* 94 Cal. 425, and again in *Williams* v. *Casebeer,* 126 Cal. 77. The damages resulting from a personal injury to the wife are a part of the community property, and the husband is a necessary party to an action for their recovery. (*McFadden* v. *Santa Ana R. R. Co.,* 87 Cal. 464; *Lamb* v. *Harbaugh,* 105 Cal. 680.) The averment in the complaint that the plaintiffs have been damaged by reason of the injuries to the wife was in accordance with this rule, as was also the entry of the judgment in favor of both of the plaintiffs.

The judgment appealed from should be affirmed.

Cooper, C., and Smith, C., concurred.

For the foregoing reasons the judgment appealed from is affirmed.        Henshaw, J., Lorigan, J., McFarland, J.