[Civ. No. 117.    Second Appellate District.—December 1, 1905.]

W. C. WIESTNER et al., Respondents, v. CALIFORNIA COKE AND GAS COMPANY, Appellant.

ACTION FOR GOODS SOLD—CREDIT OF PAYMENT—CONSTRUCTION OF PLEADINGS AND FINDINGS.—In an action for goods sold, where the complaint credited up•n the amount of the price and interest a payment of $300, leaving a balance due of $715.70; and the court found a sale of goods of the value of $715.95, and that defendant was entitled under his answer to an abatement therefrom of $178.25, leaving a balance due plaintiff of $537.70, with interest from a certain date, for the amount of which judgment was rendered, the findings are to be construed as consistent with each other, which requires the finding of goods sold to be understood as referring to the amount alleged to be due after crediting the payment of the $300, which admitted payment is not to be deducted from the balance found due.

APPEAL from a judgment of the Superior Court of Los Angeles County.   E. W. Britt, Judge presiding.

The facts are stated in the opinion of the court.

Porter & Sutton, for Appellant.

A. D. Laughlin, and Henry J. Stevens, for Respondents.

SMITH, J.—Appeal from a judgment for the plaintiffs. The only question involved is as to the construction of the pleadings and findings.   The complaint alleges, in effect, that the plaintiffs sold and delivered to defendant goods of the value of $999.65, on which there has accrued as interest the sum of $16.05, making in all the sum of $1,015.70, and that no part of the same has been paid, except the sum of $300, leaving a balance of $715.70.   The answer denies the purchase of the goods as alleged of the value of $999.65, or of any value in excess of $300, which it is alleged defendant has paid; and it is denied, also, that there is a balance of $715.70, or any other sum, due to the plaintiffs from the said defendant.   Facts are also alleged showing damage in the sum of $48 on account of defects in the goods sold, and the return of certain of the goods of the value of $150.   The findings are, in effect, that "within two years next preceding the commencement of this action the plaintiffs sold and delivered to the defendant, at the instance and request of the latter, and the defendant received of the plaintiffs, goods, wares, and merchandise of the value of $715.95"; that by reason of the defective character of the goods sold defendant suffered damages in the sum of $28.25; and that goods were returned to plaintiffs of the value alleged, $150—and as conclusions of law "that defendant is entitled to an abatement of the sum of $178.25 from the sum demanded by the plaintiffs in this action, leaving a balance due the plaintiffs of $537.70," with legal interest from April 1, 1904, for which sum judgment was entered.

The only point urged by appellant is, in effect, that the payment of $300 on plaintiffs' account is admitted, and that the finding of the court as to the amount due was in conflict with this admission and must be disregarded, and hence that

the judgment should be reduced by the amount of $300 and corresponding interest. But the findings of the court are to be so construed, if susceptible of such construction, as to be consistent with each other; and this will require us to understand the finding of the goods sold as referring to the amount alleged to be due after the payment of the $300.

The judgment is affirmed.

Gray, P. J., and Allen, J., concurred.