[Civ. No. 3423. First Appellate District, Division One.—June 7, 1920.]

EMMA R. BROWN, Appellant, v. ROBERT D. BROWN, Respondent.

[1] APPEAL—ABSENCE OF BILL OF EXCEPTIONS—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDINGS—PRESUMPTION.—Where an appeal is taken on the judgment-roll alone, without any bill of exceptions or other record of the proceedings, the appellate court must assume that the evidence was sufficient to support all the findings of the trial court.

[2] TRUSTS—ACTION TO ESTABLISH IN REAL PROPERTY—AGREEMENT TO PURCHASE AS HOME — PAYMENT OF ENCUMBRANCES — ABSENCE OF LIEN—EVIDENCE—FINDINGS.—In this action to have it determined that the interest of the defendant in certain real property was held in trust by him for plaintiff, the trial court, having determined that the property was purchased by plaintiff with her own funds and the title taken in the joint names of herself and defendant, pursuant to an express prenuptial agreement whereby she agreed to purchase the property as a home, was justified in finding further that plaintiff discharged the encumbrances upon the property pursuant to her express agreement and that she had no lien upon the property for the amount of such payments, as the discharge of such encumbrances was but a payment on account of the purchase price to that extent.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

John F. Poole and Stutsman & Stutsman for Appellant.

Edgar R. Brown and L. B. George for Respondent.

WASTE, P. J.—Plaintiff brought this action against her husband alleging in her complaint that certain real property in the city of Los Angeles, purchased by her with her separate funds, was, without her consent and through the unauthorized act of the defendant, deeded to plaintiff and defendant, as joint tenants; that after the execution of the deed defendant assured plaintiff that his apparent interest in said property was merely held by him in trust and for

her benefit; that, relying upon these assurances, plaintiff paid six thousand five hundred dollars from her separate funds, in discharging a mortgage and a deed of trust on said property and in securing the release and satisfaction of the debts secured thereby; that thereafter defendant repudiated the trust and denied any interest of plaintiff in the property, and has not paid any part of the purchase price or of the amount expended in securing the release and discharge of the encumbrances thereon. Plaintiff further alleges that through fear and intimidation, and without any consideration on her part, the defendant, some two years after the purchase, compelled her to sign a contract, reciting that the parties were owners, as joint tenants, of the real property in question, and agreeing that it be sold for the sum of seven thousand dollars, the proceeds of the sale to be equally divided between them.

On these facts plaintiff prayed for a decree that the interest of the defendant in the property be declared to be held in trust for her and that he deed the same to her, and if such recovery could not be had, that the court impose a lien upon defendant's interest in the property in favor of the plaintiff in the sum of seven thousand dollars, the aggregate amount of the purchase price and the encumbrances discharged by her. She also prayed that the agreement entered into between her husband and herself be canceled and set aside.

The lower court found that the real property in question was purchased by the plaintiff and the title thereto taken in the joint names of plaintiff and defendant, with full rights of survivorship between them, with the plaintiff's consent, and in performance, upon her part, of a prenuptial agreement between the parties, the consideration for which was the marriage of the parties and the defendant's release of his interest in certain property of the plaintiff in Illinois. There were other findings to the effect that the subsequent agreement whereby the parties acknowledged their respective interests in the property in Los Angeles to be that of joint tenants was executed by the plaintiff voluntarily, and of her own free will, and was not induced by the improper act or through undue influence of the defendant. From the judgment entered in favor of the defendant plaintiff appeals, claiming that the findings are inconsistent and con-

flicting, and that the pretended joint tenancy agreement between the parties, on which the court based its judgment, was without consideration, and consequently void.

[1] As the appeal is taken upon the judgment-roll alone, without any bill of exceptions or other record of the proceedings, we must assume that the evidence was sufficient to support all the findings of the court. (*Avery* v. *Clark,* 87 Cal. 619, 629, [22 Am. St. Rep. 272, 25 Pac. 919]; *Paine* v. *San Bernardino Valley Traction Co.,* 143 Cal. 654, 657, [77 Pac. 659].) Thus viewed, we find nothing in the alleged inconsistencies in the findings to warrant serious consideration of appellant's contentions.

[2] Appellant argues, in effect, that as the agreement found by the court between the parties related to the purchase by plaintiff with her own funds of a home for the parties and in their joint names as joint tenants and did not specify that she should discharge any encumbrances thereon, the court's finding "that the plaintiff discharged the encumbrances upon said property pursuant to her express agreement" has no support. Aside from the fact that under the authority of the cases cited the finding is deemed to be sustained by the evidence, we are of the opinion that the discharge of the encumbrances, amounting to six thousand five hundred dollars, was but a payment on account of the purchase price to that extent. The court found that the consideration for the property was six thousand nine hundred dollars and that the cash paid down was four hundred dollars. For the same reason and because of the fact, as found by the trial court, that the property in Los Angeles was acquired in fulfillment of the contract in which plaintiff agreed to purchase the property, with her separate funds, in the joint names of plaintiff and defendant and for their joint use and benefit as a home, the finding that the defendant "has not reimbursed plaintiff for any part of the purchase price, or the encumbrances of and upon said property" is not inconsistent with the other finding, which is really only a conclusion that plaintiff has no lien upon the property. From the facts appearing in the judgment-roll we are satisfied the lower court was correct in reaching the conclusion, that the discharge of the encumbrances on the property was part of the act of purchase, and that, consequently, plaintiff was not entitled

to reimbursement from her cotenant under the terms of the prenuptial contract. No lien arose in her favor, therefore, by reason of such payments. The contention that the finding that no money was paid for the execution of the joint tenancy agreement is inconsistent with and contradictory of the further finding that "there was a good and valuable consideration therefor" falls with its own statement.

The appellant assumes that the court based its judgment upon the joint tenancy stipulation, executed some two years after the purchase of the Los Angeles property, and asserts that that agreement is not supported by any consideration. In making this contention she is evidently mistaken. The court rests its decision upon the prenuptial contract and the deed by which the Los Angeles property was acquired, which latter instrument expressly designates the grantees as joint tenants. The facts appearing from the judgment-roll warrant this conclusion, and the inferences which may be drawn therefrom afford ample support to the lower court's judgment. To hold otherwise would result in declaring an absurdity, for the respective rights of the parties were fixed and determined by the prenuptial agreement, and the deed by which the property was acquired. Nothing in addition to those rights was gained, or lost, by either party by reason of the subsequent agreement.

This conclusion on our part renders it unnecessary to consider the contentions of the appellant, that by this later agreement the defendant obtained an advantage over the plaintiff in violation of the fiduciary relations existing between husbands and wives, thereby rendering the transaction void. Furthermore, the finding of the trial court is that the agreement, whatever its effect, was not improperly secured by the defendant.

The judgment is affirmed.

Welch, J., *pro tem.,* and Richards, J., concurred.