[Civ. No. 10756.   Second Appellate District, Division One.—September 1, 1936.]

DENNIS HARTFORD et al., Appellants, v. PACIFIC MOTOR TRUCKING COMPANY (a Corporation) et al., Respondents.

Dailey S. Stafford for Appellants.

W. I. Gilbert for Respondents.

ROTH, J., *pro tem.*—This appeal is on the judgment roll. The sole specification of error is that certain findings of the court are so conflicting, contradictory and irreconcilable that the judgment based thereon must be reversed. The action was brought by the heirs at law of George W. Hartford, deceased, for damages because of his death caused by the negligence of the defendants and respondents. The trial court found: " . . . that the injuries from which said George W. Hartford died were all caused by the direct and proximate result of the negligent, reckless and careless acts of Pacific Motor Trucking Company, a corporation, and Peter de Marco." The trial court also found: "The Court further finds that deceased himself was guilty of negligence which directly and proximately caused his injuries and death." Conceding that there is a conflict, it is apparent that if the trial court in the latter finding had said, "which proximately (contributed to) his injuries and death", there would be no question as to the propriety of both findings. Because of the failure of the trial court to distinguish between negligence and contributory negligence in the foregoing findings, defendants contend that it cannot be ascertained whether the defendants alone were guilty of negligence, or the deceased alone was guilty of negligence, or whether both defendants and deceased were guilty of negligence.

■ Since the appeal is on the judgment roll, it must be assumed that the evidence supports both findings. (3 Am. Jur., "Appeal and Error", par. 954, p. 516.) It follows, therefore, that the trial court was justified in finding negligence as to both. ■ Reduced to its simplest terms,

the question presented, then, is whether a finding that there are two proximate causes to an accident is conflicting, contradictory and irreconcilable. It has been held that there may be two proximate causes to an accident. (*Hunt* v. *Los Angeles Ry. Corp.*, 110 Cal. App. 456, 462 [294 Pac. 745]; *Fishman* v. *Silva*, 116 Cal. App. 1, 6, 7 [2 Pac. (2d) 473]; *Fleming* v. *Flick*, 140 Cal. App. 14, 26, 27 [35 Pac. (2d) 210].) In 1 Thompson on Negligence, page 210, section 216, it is said:

"In order, then, to prevent a recovery by reason of contributory negligence, the plaintiff or person injured must have been guilty of want of ordinary care; and we shall now see that this want of ordinary care must have been a proximate cause of the injury, and not a remote cause or mere condition. If the negligence of the plaintiff was only remotely connected with the injury, the plaintiff may recover damages, if notwithstanding such remote negligence of the plaintiff the defendant might have avoided the injury by the exercise of ordinary care. But if. a want of ordinary care on the part of the person injured *concurs* as a proximate cause in producing the injury, the defendant is not liable, although in fault. *This doctrine is involved* in the meaning of the words we employ to express the negligence on the part of the plaintiff which will bar a recovery,—'*contributory negligence*'. The negligence of the plaintiff which will bar a recovery of damages for an injury sustained by the defendant's negligence must be such as *contributes* to the injury complained of; that is, as expressed by a learned and philosophic writer, it 'must be such that, by the usual course of events, it would result, unless independent disturbing moral agencies intervened, in the particular injury'. " (Italics ours.)

On the theory, therefore, that the negligence of each was proximate and concurrent in the accident, the findings may be reconciled and the judgment sustained.

In our opinion, however, the findings may also be reconciled on another theory. In *Katz* v. *T. I. Butler Co.*, 81 Cal. App. 747, at page 750 [254 Pac. 679], the court, speaking with reference to an instruction which is set out in the following excerpt, says:

"Appellant criticizes instruction No. VII given by the court in which the following expression is used: 'The plain-

tiff's negligence must be the direct or proximate cause of his injuries or it will not defeat his claim for damages in the event his injuries, if any, were caused by the negligence of the defendant.' Strictly speaking, contributory negligence is not *the* proximate, but is more properly referred to as *a* proximate cause, because it cooperates with another proximate cause, to-wit, the negligence of the defendant. But here the instruction as a whole is not even technically wrong, much less misleading. This instruction, in the part quoted and also in its first part makes plain that the injuries referred to must have been caused by the negligence of the defendant. It is not capable of a construction meaning that contributory negligence of plaintiff must be the only cause of the injuries in order to bar his recovery."

To the same effect are *Lim Ben* v. *Pacific Gas & Elec. Co.,* 101 Cal. App. 174, 183 [281 Pac. 634], and *Squier* v. *Davis Standard Bread Co.,* 181 Cal. 533, 536 [185 Pac. 391].

It is settled law that findings should be reconciled and every inference drawn therefrom will support the judgment. (*Estate of Berry,* 195 Cal. 354, 361 [233 Pac. 330]; *Breeze* v. *Brooks,* 97 Cal. 72, 77 [31 Pac. 742, 22 L. R. A. 257]; *Alhambra Add. Water Co.* v. *Richardson,* 72 Cal. 598, 605, 606 [14 Pac. 379]; *Price* v. *Occidental Life Ins. Co.,* 169 Cal. 800, 801, 802 [147 Pac. 1175]; *Haight* v. *Haight,* 151 Cal. 90, 92 [90 Pac. 197]; *Hotaling* v. *Hotaling,* 193 Cal. 368, 385 [224 Pac. 455, 56 A. L. R. 734]; *Wiestner* v. *California Coke etc. Co.,* 2 Cal. App. 314, 315 [83 Pac. 461].) In *Estate of Berry, supra,* at page 364, the court says: "The inference of one fact from others, unless such fact is a necessary conclusion from those others, must be made by the trial court and where probative facts are found by it, if they are such as might authorize different inferences therefrom, it will be assumed upon appeal that the inference made by the trial court was one that will uphold rather than defeat its judgment. (*Breeze* v. *Brooks,* 97 Cal. 72 [22 L. R. A. 257, 31 Pac. 742]; *Gould* v. *Eaton,* 111 Cal. 639, 644 [52 Am. St. Rep. 201, 44 Pac. 319]; *Nevills* v. *Moore Min. Co.,* 135 Cal. 561, 566 [67 Pac. 1054].)"

■ Furthermore, it is provided in the Constitution of California, article VI, section 4½: "No judgment shall be set aside . . . in any case . . . for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, *including the evidence,* the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Italics ours.) It has been held that this section applies to errors in findings as well as other errors. (*Nye & Nisson* v. *Weed Lumber Co.,* 92 Cal. App. 598, 608 [268 Pac. 659]; *David* v. *Frost,* 122 Cal. App. 750, 753, 754 [10 Pac. (2d) 504].)

We do not have the record before us. Assuming error in the findings, the burden of showing prejudice is on appellant. (*People* v. *Chapman,* 55 Cal. App. 192 [203 Pac. 126]; *Foley* v. *American Ry. Exp. Co.,* 69 Cal. App. 669 [232 Pac. 169]; *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.,* 169 Cal. 545 [147 Pac. 238].) It is apparent that, since the appeal is on the judgment roll alone, no prejudicial error is shown. In the case at bar, if in the second finding excerpted the word "caused" were eliminated and the words "contributed to" substituted, there would be no question of conflict whatsoever. Construing the second finding in the light of the constitutional provision, as said provision of the Constitution has been interpreted by the cases, the use of the word "caused" may be considered inadvertent.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1936.