THE COURT.
 

 This is a controversy based upon allegations that personal property upon which execution had been levied under a justice’s court judgment for $229.80 was the property of the judgment debtor, notwithstanding a verified third party claim thereto by the other defendant, because a transfer or pledge thereof as security, claimed by defendants to have been made more than seven months before the levy, was not preceded by the recordation of notice of intention to transfer or assign, as required by the provisions of section 3440 of the Civil Code of the State of California. Plaintiff filed an equity action in the superior court, praying that defendants “be adjudged to apply the . . . property to the payment of the judgment’’ etc., and “that defendants be enjoined from selling, transferring, assigning or interfering with said property . . . pending judgment’’.
 

 Issue was joined in the instant case and it went to trial. . A decision in favor of plaintiff seems to have been rendered by the judge then in office but neither findings nor judgment thereon were signed. Approximately six years after the complaint was filed the case was again brought to trial before the successor of the first judge. Immediately preceding- the second trial a supplemental answer of the transferee defendant was filed alleging foreclosure, sale and delivery of the property to another under a lien for services, labor and skill for the improvement and safekeeping thereof and the incidental
 
 *472
 
 costs and charges. The second trial resulted in judgment in favor of defendants and plaintiff appealed, filing a judgment roll transcript in December, 1935.
 

 No "brief having been filed up to October, 1936, plaintiff was ordered by this court to show cause why the appeal should not be dismissed for want of prosecution. There being no appearance on the day fixed in the order the appeal was ordered dismissed, but two weeks thereafter, upon joint request and stipulation of counsel for the respective parties, the order was vacated and thirty days was allowed appellant to file brief. On September 30, 1937, brief being still unfiled, another order of the same nature was issued and in response thereto the joint brief of the parties and a stipulation to submit the cause thereon were filed. On the calling of the order to show cause, the appeal was submitted for decision, pursuant to the stipulation.
 

 In the brief appellant argues that some of the findings of fact are inconsistent with other findings, that one of the conclusions of law is inconsistent with the code requirement for advertising above cited, and that the conclusions of law are not supported by the findings of fact. Instead of applying in the trial court within the statutory time for correction of these claimed inconsistencies and insufficiencies by invoking the broad powers of the trial judge under section 662 to change or add to the findings, or under section 663 to enter another and different judgment, appellant now urges his highly technical points on appeal and asks a reversal of the judgment.
 

 ‘ ‘ Findings are to be read and considered together and liberally construed in support of the judgment and if possible are to be reconciled so as to prevent any conflict upon material points.”
 
 (Murray
 
 v.
 
 Tulare Irr. Co.,
 
 120 Cal. 311 [49 Pac. 563, 52 Pac. 586];
 
 Ames
 
 v.
 
 City of San Diego,
 
 101 Cal. 390 [35 Pac. 1005].)
 

 In “an appeal upon the judgment roll alone the findings are conclusively presumed to be supported by the evidence; furthermore, it is also elementary that they are to receive, if possible, such a construction as will uphold rather than defeat the judgment thereon. They are to be liberally construed and if possible any ambiguity or inconsistency will be resolved in favor of sustaining the judgment.”
 
 (Ochoa
 
 v.
 
 McCush,
 
 213 Cal. 426 [2 Pac. (2d) 357]; see, also,
 
 Estate of
 
 
 *473
 

 Berry,
 
 195 Cal. 354 [233 Pac. 330];
 
 Paine
 
 v.
 
 San Bernardino Valley Traction Co.,
 
 143 Cal. 654 [77 Pac. 659];
 
 Gould
 
 v.
 
 Eaton,
 
 111 Cal. 639, 644 [44 Pac. 319, 52 Am. St. Rep. 201];
 
 Warren
 
 v.
 
 Hopkins,
 
 110 Cal. 506 [42 Pac. 986];
 
 Breeze
 
 v.
 
 Brooks,
 
 97 Cal. 72 [31 Pac. 742, 22 L. R. A. 257].) Some of the cases in which this rule has been followed by the several District Courts of Appeal of California are:
 
 Stockton Morris Plan Co.
 
 v.
 
 Carpenter,
 
 18 Cal. App. (2d) 205 [63 Pac. (2d) 859];
 
 Hartford
 
 v.
 
 Pacific Motor T. Co.,
 
 16 Cal. App. (2d) 378 [60 Pac. (2d) 476];
 
 Smalley
 
 v.
 
 Mountain States Life Ins. Co., 1
 
 Cal. App. (2d) 747 [37 Pac. (2d) 498];
 
 Swing
 
 v.
 
 Lingo,
 
 129 Cal. App. 518 [19 Pac. (2d) 56.]
 

 Applying the foregoing rules to the findings and judgment presented in the judgment roll herein, we conclude that the judgment is fully sustained.
 

 We are also satisfied from a view of the whole case as presented in the transcript (including the opinions of the two trial judges, which, while not properly a part of the record, supply a recital of facts not otherwise presented), that there was no miscarriage of justice in the judgment appealed from. On the contrary it is apparent because of the great lapse of time since the transfer under attack occurred, that a reversal of the judgment would work a grave injustice upon respondents. Because of the inaction of respondents, however, when they might have brought the case on for hearing or forced a dismissal of this appeal, we do not feel that they should recover costs on appeal.
 

 The judgment is affirmed, without costs.
 

 Rehearing denied.