Filed 2/9/16  R & T Investments v. Kawasaki Motors Corp. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| R & T INVESTMENTS, INC. et al., | C078231 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201200131661CUBCGDS) |
| v. | |
| KAWASAKI MOTORS CORP., U.S.A. et al., | |
| Defendants and Respondents. | |

In this judgment roll appeal,[1] plaintiffs contend the trial court erred in failing to exclude evidence of a prior criminal conviction and in denying their motion for judgment notwithstanding the verdict based on promissory estoppel. Finding no merit in their arguments, we affirm.

---

[1] Where, as here, the appellate record does not include a reporter's transcript, agreed statement, or settled statement, an appeal is referred to as a judgment roll appeal. (See *Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.)

1

FACTUAL AND PROCEDURAL BACKGROUND

In the absence of a record of the evidence offered at trial in this matter, we cannot offer a summary of the underlying facts consistent with the jury's verdict. Accordingly, we recite the procedural background of the case only.

In September 2012, plaintiffs R & T Investments, Inc. (R & T), Rancourt Family Trust (Rancourt), Dana Tutt, and Jody Tutt commenced this action by filing a complaint for damages against defendants Kawasaki Motors Corp., U.S.A. (Kawasaki) and Richard Perrin.[2] That complaint alleged as follows:

R & T owns and operates a motorcycle dealership in Carmichael. R & T is owned by Rancourt and Dana. Dana and Jody are husband and wife. Kawasaki distributes new motor vehicles; Perrin is a senior district manager for Kawasaki.

In 2009, Dana made contact with Perrin to discuss acquiring the Kawasaki franchise for the Roseville area. From July 2010 through 2012, Perrin made numerous representations to Dana and R & T concerning Kawasaki's intention to enter into a franchise with R & T for the Roseville market. According to Perrin, the only impediment was the acquisition of a suitable facility from which to operate the dealership.

In June 2012, Rancourt and the Tutts purchased a parcel of property in Roseville for the new dealership. In July 2012, Perrin informed Dana that Kawasaki had decided to award the Roseville franchise to another entity.

The complaint asserted causes of action for breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, concealment, false promise, and negligent misrepresentation against Kawasaki and causes of action for intentional misrepresentation, concealment, false promise, and negligent misrepresentation against Perrin.

---

[2]     We will refer to the Tutts individually by their first names to avoid confusion.

The case proceeded to jury trial in July and August 2014.[3] According to the minutes, on the first day plaintiffs' "oral motion to exclude testimony and/or reference to felony convictions of Plaintiff Dana Tutt was discussed." Although the minutes do not disclose any ruling on that motion, it appears undisputed that the court ruled that defendants would be allowed to ask Dana about his truthfulness with respect to a prior conviction on the dealer franchise application. They apparently did so, and thereafter, following plaintiffs' rebuttal case, plaintiffs presented a written motion asking the court to reconsider its ruling regarding the evidence of the prior conviction. The premise of the motion for reconsideration was that because Dana received relief from his conviction pursuant to Penal Code section 1203.4, he was not required to disclose that conviction on the franchise application.

Apparently as a result of the motion for reconsideration, the trial court ruled that the jury would be given the following special instruction: "Evidence was introduced that Mr. Tutt withheld information on his dealership application to Kawasaki about a prior felony conviction. You are instructed that this conviction was dismissed and as such, the law did not require Mr. Tutt to disclose it on the application form used by Kawasaki."

The jury returned special verdicts finding as follows: R & T did not enter into a contract with Kawasaki to be appointed a Kawasaki dealer in Roseville; however, Perrin made a false representation of an important fact to plaintiffs that he knew was false or made recklessly and without regard for the truth, he intended plaintiffs to rely on that representation, and they reasonably did so, which was a substantial factor in causing

---

[3] The only record of the trial -- other than two pages of a reporter's transcript improperly attached to the respondents' brief (see Cal. Rules of Court, rule 8.204(d) [attachments to appellate brief may include "exhibits or other materials in the appellate record or copies of relevant local, state, or federal regulations or rules, out-of-state statutes, or other similar citable materials that are not readily accessible"]) -- are the daily minutes.

harm to them, resulting in damages of $45,000 for carrying costs. But Perrin did not have ostensible authority to make that representation on behalf of Kawasaki. Beyond that, Perrin did not intentionally fail to disclose an important fact that plaintiffs did not know and could not have reasonably discovered. He did make a promise to plaintiffs that was important to the transaction, but he intended to perform that promise when it was made.

In October 2014, the trial court entered judgment on the verdicts, awarding plaintiffs $45,000 against Perrin and nothing against Kawasaki. At some point, plaintiffs moved for a new trial and for judgment notwithstanding the verdict. (None of the papers relating to the motions, other than the court's rulings on them, are contained in the appendix.) As relevant here, in support of the latter motion plaintiffs argued (among other things) that "under the doctrine of promissory estoppel, the uncontroverted evidence established [that] plaintiffs justifiably and foreseeably relied on the promise made by defendants and equity demands enforcement of the agreement to award the Kawasaki franchise to plaintiffs in order to avoid an injustice." The court rejected this argument, ruling that "[p]romissory estoppel was not pled or argued at trial" and could not "be raised for the first time on a motion for judgment notwithstanding the verdict."

Following the denial of both motions, plaintiffs timely appealed.

DISCUSSION

I

*Erroneous Admission Of Evidence*

Plaintiffs first contend the trial court erred in allowing Kawasaki to "inquire about [Dana's prior conviction] as it related to the DMV license application." According to plaintiffs, because Dana obtained a dismissal of that conviction pursuant to Penal Code section 1203.4, he was under no obligation to disclose that conviction to the DMV, and therefore "admission of the evidence related to the conviction was in error and a prejudicial abuse of discretion."

4

Plaintiffs cannot prevail on this issue because they chose to proceed with their appeal on the judgment roll alone.  On appeal, we must presume the trial court's rulings are correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Thus, we must adopt all inferences in favor of those rulings, unless the record expressly contradicts those inferences.  (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)  Also, it is the burden of the appellant to provide an adequate record for us to assess claims of error.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)  When an appeal is on the judgment roll, our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.)

Relying on the special instruction the trial court gave that told the jury Dana did not have to disclose his conviction on the application, defendants contend that "any surmised prejudice to [plaintiffs] was removed" by the instruction.  This is not necessarily true, however, because the mere fact that Dana had a felony conviction was still before the jury and could have influenced the jury's decision.  However, because all we have here is an appeal on the judgment roll, even if error could be shown on the face of the record, what is not shown and cannot be shown is there *was* prejudice to plaintiffs because of the evidence of the conviction.  As a matter of constitutional law, "[n]o judgment shall be set aside, or new trial, granted, in any cause, on the ground of . . . the improper admission . . . of evidence . . . unless, after an examination of the entire cause, *including the evidence*, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."  (Cal. Const., art. VI, § 13, italics added.)  In the absence of a reporter's transcript, "[w]e do not have the [evidence] before us.  Assuming error . . . , the burden of showing prejudice is on appellant.  [Citations.]  It is apparent that, since the appeal is on the judgment roll alone, no prejudicial error is shown." (*Hartford v. Pacific Motor T. Co.* (1936) 16 Cal.App.2d 378, 382.)

II

*Promissory Estoppel*

Plaintiffs next contend the trial court erred in denying their motion for judgment notwithstanding the verdict based on promissory estoppel. They assert that "[i]n rendering a verdict in favor of Plaintiffs on the misrepresentation claim, the jury, as the trier of fact on the disputed factual claims, found that the[] elements [of promissory estoppel] were established," and therefore the trial court should have "appli[ed] the remedy of promissory estoppel" based on the jury's findings, notwithstanding their failure to raise the issue of promissory estoppel before their motion for judgment notwithstanding the verdict.

Plaintiffs' argument is without merit because, contrary to their position, in making its findings on the intentional misrepresentation cause of action, the jury did not find that the elements of promissory estoppel were established -- in particular, the element of "a clear promise." (*Toscano v. Greene Music* (2004) 124 Cal.App.4th 685, 692.) In its findings on intentional misrepresentation, the jury found only that "Perrin ma[d]e a false representation of an important fact to Plaintiffs." That is *not* the equivalent of a finding that Perrin -- let alone Kawasaki -- made a *clear promise* to plaintiffs. Moreover, as far as Kawasaki's liability for Perrin's false representation goes, the jury specifically found that Perrin did *not* "have ostensible authority to make the representation on behalf of Kawasaki," which explains why the jury did not hold Kawasaki liable for Perrin's misrepresentation. Thus, nothing about the jury's findings with respect to the intentional misrepresentation by Perrin constituted a finding that the elements of promissory estoppel were established against Kawasaki.[4] For this reason, plaintiffs' challenge to the trial court's denial of their motion for judgment notwithstanding the verdict has no merit.

---

[4] We note that while the jury, in its special verdict on the false promise causes of action, did find that Perrin "ma[d]e a promise to Plaintiffs that was important to the

6

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


/s/_____
Robie, Acting P. J.


We concur:


/s/_____
Butz, J.


/s/_____
Renner, J.

---

transaction," the jury also found that Perrin "intend[ed] to perform this promise when it was made," and as result the jury did *not* make any findings on whether plaintiffs reasonably relied on this promise or whether plaintiffs' reliance on the promise was a substantial factor in causing harm to them.  This explains why plaintiffs do not argue that the jury's findings on the false promise causes of action established the elements of promissory estoppel.