[L. A. No. 1315.  Department Two.—October 9, 1903.]

SAMUEL THOMPSON, Appellant, v. GEORGIA THOMPSON, Administratrix of Estate of Thomas L. Thompson, Deceased, Respondent.

PROMISSORY NOTE — ACTION AGAINST ADMINISTRATRIX — EVIDENCE — PRIMA FACE CASE—EXECUTION—CONSIDERATION—BURDEN OF PROOF. —In an action against the administratrix of a deceased person, upon a note executed by the deceased to the plaintiff as payee, the plaintiff makes a *prima facie* case by evidence of the signature of

the deceased thereto, and of the presentation and rejection of the note as a claim against the estate, and its production in evidence, and the burden of proof rests upon the defendant to show non-execution and want of consideration.

ID.—FINDINGS AGAINST EVIDENCE.—A note produced in evidence by the payee with no indorsement thereon is *prima facie* evidence of ownership and of a valuable consideration; and findings that the note sued upon was not agreed to be a note, and was without consideration, are against the evidence, where no proof was given by the defendants to impeach the execution of the note or its consideration.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. W. S. Day, Judge presiding.

The facts are stated in the opinion.

F. A. Dorn, for Appellant.

I. S. Genter, for Respondent.

COOPER, C.—This is an action to recover upon a promissory note executed by defendant's intestate in his lifetime. Findings were filed, upon which judgment was entered for defendant. This appeal is from the judgment and order denying plaintiff's motion for a new trial.

The court found, in effect, that the promissory note sued upon was not agreed to nor understood by the parties to be a promissory note, and that it was executed without consideration. It is contended that this finding is not supported by, but contrary to, the evidence, and with this contention we agree. The plaintiff proved the signature of deceased to the note, introduced it in evidence, proved the due presentation thereof as a claim against the estate, the rejection of the claim, and rested. This made a *prima facie* case. (Code Civ. Proc., sec. 1963, subd. 21; *Griffith* v. *Lewin*, 125 Cal. 620, and cases cited.) The want of consideration thereafter became an affirmative defense, the burden of which rested upon defendant. (*Pastene* v. *Pardini*, 135 Cal. 433.) Defendant did not attempt to prove that the note was not executed, nor that it was not signed by deceased. The only evidence offered for the purpose of proving want of consideration was the cross-examination of plaintiff. It appeared thereform that at the

time of the execution of the note, January 28, 1898, the plaintiff was the administrator with the will annexed of Mary Thompson, his deceased mother, who died of consumption in November, 1895, and whose will was admitted to probate in January, 1896. Prior to her death, four of her children— John, James, Isaac, and Jack—had died. She left surviving her the plaintiff and Thomas L. Thompson and Mary A. Thompson, being her children and her only heirs. Thomas L. and Mary A. died—also of consumption—after the execution of the note sued upon. Plaintiff is therefore the sole surviving child of Mary Thompson, deceased.

At the time the note in this case was given, plaintiff testified that he held the note of his deceased mother, dated September 25, 1893, for fifteen hundred dollars, with interest at the rate of ten per cent per annum; that he had paid the expenses of the last illness of the four deceased brothers, including doctor's bill and funeral expenses. Plaintiff further testified that his brother Thomas L. and his sister Mary A. agreed to pay their part of the indebtedness of the deceased mother, and of the amount due plaintiff for moneys paid out on account of the deceased brothers. Plaintiff said: "My sister figured up the amount that was due me on my mother's note, which has been introduced in evidence. That $1,500 note —together with the interest due on it—at that time, and the amount that I had paid out during the sickness and burial of my said four brothers came to about $3,000. Thomas L. Thompson agreed with me and my sister at that time to the effect that there was $3,000 due me on this note of my mother's—together with the sums that I had paid out during the sickness and for the burial of my four brothers, John, James, Isaac, and Jack. They arrived at the conclusion that each of us should stand one third of this $3,000, and they gave me the note set forth in the complaint in payment of their two thirds of the sum." This testimony is not in any way contradicted or impeached. The note in controversy was in possession of plaintiff, with the signature of Thomas L. Thompson thereto. No attempt was made to prove that it had ever been paid, nor that the signature was not genuine. It may be possible that the note was procured without consideration, but we cannot indulge in possibilities and spec-

ulations. It is a written instrument and imports a consideration. Courts must determine the facts of a case according to fixed rules and by the preponderance of the evidence. A promissory note in the hands of the payee with no indorsement thereon is always *prima facie* evidence of ownership and of a valuable consideration. Any other rule would, in many cases, be a denial of justice. Courts do not presume that written instruments are without consideration nor that signatures are forgeries. On the contrary, they presume that all parties are honest, that the usual course of business has been followed, and that a written instrument was executed for a valuable consideration.

It follows that the judgment and order should be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Lorigan, J., McFarland, J., Henshaw, J.