[Sac. No. 1239.   Department One.—September 3, 1904.]

# F. SCHNITTGER, Respondent, v. OLD HOME CONSOLIDATED MINING COMPANY et al., Appellants.

Mortgages — Validity — Dealing by Directors of Corporation.—A director of a corporation, though bound to the utmost good faith, and forbidden to take part in any transaction concerning his trust in which he has an adverse interest, is not precluded from dealing directly with the corporation, and may become its creditor and take from it a mortgage or other security, and may enforce the same like any other creditor, subject always to severe scrutiny. A violation of his duty as a trustee may render the transaction voidable, but it is not *ipso facto* void. The mere fact that the creditor was a director of the corporation does not render the transaction fraudulent.

Id.—Mortgage in Name of Third Person—Interest of Directors not Disclosed—Participation in Meeting—Authority for Mortgage —Injury not Shown.—The fact that the money secured was loaned by two directors, and that they took the note and mortgage securing it in the name of a third person, and failed to disclose their interest, and that they were present at the meeting of the directors at which the loan and security were voted upon, and participated therein, does not prove fraud or vitiate the transaction, where it appears that the note and mortgage were authorized by the votes of a majority of the directors, who were not interested therein, and were ratified by two thirds of the stockholders, and it does not appear that the corporation was injured by the transaction.

Id.—Duty of Directors not Violated.—It was not a fraud upon the corporation or upon other members of the board for the two directors interested not to disclose the facts; and it was no violation of their duty to loan the money in the name of another rather than in their own, unless it could be shown that thereby the corporation sustained some detriment, or that such directors obtained some undue advantage over the corporation.

Id.—Finding as to Motive—"Control of Property"—Foreclosure of Mortgage—Redemption.—A finding that the note and mortgage were taken in the name of another, with the purpose and object on the part of the two directors of obtaining control of the property of the corporation, does not entitle the corporation to avoid the mortgage and retain the money. The corporation was not injured by the underlying motive of such directors. They could obtain control of the mortgaged property only through a sale at public auction, under a decree of foreclosure, subject to redemption by the corporation or any of its stockholders on its behalf.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion.

Robert Ash, for Appellants.

The attempted sale under foreclosure of the mortgage, to obtain control of the property of the corporation by its directors, was void as to the corporation, and they are still its trustees. (*Graves* v. *Mono etc. Co.*, 81 Cal. 303, 319, 320, 321; *Raynor* v. *Mintzer*, 67 Cal. 159; Civ. Code, secs. 2224, 2228, 2229, 2230, 2231, 2234, 2322.)

F. J. Castelhun, for Respondent.

The mortgage was duly authorized by the corporation and its stockholders, and is not void because two of its directors were interested therein. (Morawetz on Private Corporations, sec. 527; *Santa Cruz R. R. Co.* v. *Spreckles*, 65 Cal. 193; *Sutter-Street R. R. Co.* v. *Baum*, 66 Cal. 44; *Phillips* v. *Sanger Lumber Co.*, 130 Cal. 431; *Mills* v. *Boyle Mining Co.*, 132 Cal. 95; *Copsey* v. *Sacramento Bank*, 133 Cal. 659;[1] *Twin Lick Oil Co.* v. *Marbury*, 91 U. S. 587; *Buell* v. *Buckingham*, 16 Iowa, 284;[2] *Smith* v. *Ferries etc. Ry. Co.*, 51 Pac. 717: *Kitchen* v. *St. Louis etc. Ry. Co.*, 69 Mo. 224.)

HARRISON, C.—The Old Home Consolidated Mining Company is a corporation organized under the laws of this state, and having a board of five directors, who at the times herein considered were John McKewen, George T. Emery, Walter McG. Logan, F. Hahn, and C. W. Weld. August 16, 1897, it executed to the plaintiff's assignor its promissory note for five thousand dollars, payable two years thereafter, with interest at the rate of one per cent a month, and at the same time, for the purpose of securing its payment, executed a mortgage upon certain mining property within this state. The promissory note was also indorsed by each of its directors. The execution of the mortgage was duly authorized by a vote of more than two thirds of its stockholders at a meeting called for that purpose. Prior to its maturity the

[1] 85 Am. St. Rep. 238.    [2] 85 Am. Dec. 516.

note was assigned to the plaintiff. Interest on the note was paid by the corporation up to August 16, 1901. October 8, 1901, the present action was brought against the corporation and C. W. Weld and Walter McG. Logan, two of the indorsers, to recover the amount of the note and for a foreclosure of the mortgage. The action was defended upon the ground that the money for which the promissory note was given and the mortgage executed was the money of, and furnished by, the directors Hahn and McKewen; that they are the real parties in interest in the transaction, and that they entered into it for the purpose of foreclosing the mortgage and obtaining the property of the corporation; that in so doing they violated their duties as trustees, and that for this reason the note and mortgage were void.

Upon the trial of the cause the court found that the corporation defendant had received the five thousand dollars for which its promissory note and mortgage had been executed, and that the transaction was thereafter ratified by the vote of more than two thirds of its stockholders; that the money loaned to it was in fact the money of the directors Hahn and McKewen, and that they are the real parties in interest in the note and mortgage; that the note was made in the name of Helene Mayer; that the note and mortgage were given to and in her name with the purpose and object on the part of said Hahn and McKewen to obtain control of the property of the corporation; that the assignment from her to the plaintiff herein was not a *bona fide* transaction; that the name of the plaintiff was inserted in said assignment in order to cover up the interest of said Hahn and McKewen, and to give it the appearance of an actual *bona fide* transaction; that at the meeting of the board of directors of the defendant corporation, at which the loan was authorized, all of the directors were present, and that Hahn and McKewen participated therein; that at that meeting it was stated to the board by the attorney of Helene Mayer that the loan could be obtained from her, and that the directors, other than Hahn and McKewen, believed that the money would be furnished by her; that Hahn and McKewen did not at that meeting or any other time state from whom the loan was to be obtained. The court also found that interest had been paid upon the note up to August 16, 1901, and that since

that date no interest had been paid, and held that the plaintiff is entitled to no further interest.

Upon these findings the court held that the plaintiff was entitled to judgment against the defendants for the sum of five thousand dollars, without any interest thereon, together with three hundred dollars as counsel fees, and one hundred dollars for costs of receiver, and for a decree of foreclosure against the defendant corporation, and sale of the mortgaged property to satisfy said amount. From the judgment thus entered the defendants have appealed upon the judgment-roll alone, without any bill of exceptions.

· The appellants do not question the sufficiency of the evidence to sustain the findings of the court, or claim that the evidence before the court would have authorized any further or different findings, but urge in support of their appeal that as Hahn and McKewen were directors of the corporation defendant their relation to the corporation and to its stockholders was that of trustees, and that by virtue of that relation the transaction in which the loan was made to the corporation was void.

A director of a corporation, like any other trustee, is bound to act in the utmost good faith toward his beneficiary (Civ. Code, sec. 2228), and is forbidden to take part in any transaction concerning the trust in which he has an interest adverse to that of his beneficiary (Civ. Code, sec. 2230); but he is not absolutely precluded from dealing directly with the corporation of which he is a director. Any transaction between them is subject to rigid scrutiny, and is voidable at the instance of the beneficiary for any violation of his duty as trustee, but is not *ipso facto* void. "The mere fact that the creditor was a director of the company does not render the transaction fraudulent. There is nothing which forbids either members or directors of a corporation from making contracts with it like any other individual; and when the contract is made, the director stands as to the contract in the relation of a stranger to the corporation." (*Stratton* v. *Allen*, 16 N. J. Eq. 229.) Mr. Thompson says (3 Thompson on Corporations, sec. 2068): "We therefore find the prevailing doctrine to be, that the director of a corporation may advance money to it, may become its creditor, may take from it a mortgage or other security, and may enforce the same like

any other creditor, but always subject to severe scrutiny and under the obligation of acting in the utmost good faith.'' (See, also, Taylor on Corporations, sec. 634; *Twin Lick Oil Co.* v. *Marbury*, 91 U. S. 587; *Beach* v. *Miller*, 130 Ill. 162;[1] *Santa Cruz R. R. Co.* v. *Spreckles*, 65 Cal. 193; *Sutter-Street R. R. Co.* v. *Baum*, 66 Cal. 44; *Pauly* v. *Pauly*, 107 Cal. 8;[2] *Phillips* v. *Sanger Lumber Co.*, 130 Cal. 431.)

The question presented upon this appeal does not involve the validity of a transaction in which the director of a corporation has executed a contract on behalf of the corporation in which he is personally interested, without any previous authority of the corporation, or where the resolution authorizing its execution depended upon his vote therefor. The transaction was had under the authority of the corporation, given at a meeting of the board of directors at which all were present, and although the court finds that at that meeting Hahn and McKewen ''were present and participated therein,'' it does not find that they voted upon the proposition for the loan. But, even if they had voted for it, the transaction would not have been thereby vitiated, inasmuch as the votes of the other three members of the board were sufficient to make the resolution effective. (*Porter* v. *Lassen County etc. Co.*, 127 Cal. 261.) It was not a fraud upon the corporation, or upon the other members of the board, for these directors not to disclose the fact that they were the real parties who were loaning the money, or that the person in whose name the transaction was had was merely a figurehead. It was no violation of their duty as trustees to loan the money in the name of another rather than in their own, unless it could be shown that thereby the corporation sustained some detriment, or they obtained some undue advantage over the corporation.

The allegation in the answer that Hahn and McKewen procured the loan to be made in the name of Helene Mayer ''for the sole purpose at that time to bring suit to foreclose said mortgage and finally acquire the title to the mining property of said corporation in violation of their trust,'' is not found by the court to be a fact, and it must be assumed that there was no evidence tending to establish that allegation. The finding that the money was loaned and the note

---

[1] 17 Am. St. Rep. 291, and note.     [2] 48 Am. St. Rep. 98.

and mortgage given in her name "with the purpose and object on the part of said Hahn and McKewen, and both of them, of obtaining control of the property of said corporation" does not entitle the corporation to avoid its agreement and retain the money. Whatever may have been the underlying motive for entertaining this purpose, the corporation was in no respect injured thereby. They could obtain control of the mortgaged property only through a sale at public auction under a decree of foreclosure. If they should become the purchasers at such sale, the property would still be subject to redemption either by the corporation, or, in its behalf, by any of its stockholders. (*Wright* v. *Oroville Mining Co.*, 40 Cal. 20.) The transaction was not concealed from the stockholders; the resolution authorizing it was spread upon the records of the corporation; Hahn and McKewen, as well as the other directors, indorsed the note, and the note and mortgage were recorded in the county recorder's office, and thereafter the stockholders ratified the transaction.

The judgment should be affirmed.

The notice of appeal also purports to include an appeal from an order of the court made after the judgment ordering a sale of the property mortgaged, but, as the record contains no bill of exceptions in which this action of the court is presented, the order appealed from should also be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.