[Civ. No. 578.    Third Appellate District.—August 21, 1909.]

AETNA INDEMNITY COMPANY, a Corporation, Respondent, v. ALTADENA MINING AND INVESTMENT COMPANY, a Corporation, Appellant.

FORECLOSURE OF MORTGAGE—ASSIGNMENT AS INDEMNITY—JUDGMENT OF CANCELLATION—ASSIGNEE NOT BOUND—IMPROPER PLEA IN BAR.— In an action to foreclose a mortgage assigned to plaintiff to indemnify it against liability on a bond to stay execution against the defendant, pending an appeal by it, the judgment upon which was affirmed, a judgment rendered in another action, pending such appeal, in favor of defendant canceling such mortgage as against plaintiff's assignor and the original payees, to which plaintiff was not a party, and of which he had no notice, and by which he is not bound, cannot be pleaded in bar to the foreclosure, and such plea was properly stricken out as constituting no defense thereto.

ID.—ADMISSIBILITY OF JUDGMENT—RIGHT OF DEFENDANT TO SURPLUS PROCEEDS—INDEMNITY TO PLAINTIFF.—The judgment, though no defense to the action, was properly admitted, in the interest of justice and equity, to establish the right of defendant, as against plaintiff's assignor, to all the surplus proceeds of the sale under the foreclosure, after plaintiff is indemnified therefrom for the loss on its bond.

ID.—RECITALS OF JUDGMENT NOT BINDING PLAINTIFF—PROPER FINDINGS TO CONTRARY.—The plaintiff is not bound by any recitals in the judgment, and the court could properly make findings to the contrary to sustain the foreclosure.

ID.—MORTGAGE TO DIRECTORS OF CORPORATION — NONPARTICIPATION— CONSTRUCTION OF FINDING AS TO AUTHORITY.—A finding that the mortgage was made to two payees who were directors of the defendant corporation, who did not participate therein or vote therefor, "but that the majority of directors then remaining unanimously authorized the execution of said note and mortgage," though it might have been more clearly phrased, is to be construed as a finding that a majority of all of the board of directors, considering the two payees as absent, were present and unanimously authorized the execution of said instruments.

ID.—CONSTRUCTION OF FINDINGS TO SUPPORT JUDGMENT.—When, from the facts found by the court, other facts may be inferred to support the judgment, such inference will be deemed to have been made by the trial court, and any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it.

Id.—Presumption of Lawful Meeting of Board—Absence of Express
Finding.—Although there is no express finding as to whether the
meeting of the board of directors was a regular meeting, or a regu-
larly called special meeting, yet the presumption must be indulged
that it was a lawful meeting of the board.

Id.—Defense of Payment of Mortgage Out of Special Fund—Im-
material Omission to Find.—When the resolution authorizing the
mortgage does not by its terms limit the right to compel payment of
the mortgage out of any special fund, and the note by which the
mortgage is secured is an unconditional promise to pay the sum set
forth therein, the omission to find on a defense set forth that the
mortgage was to be paid out of a special fund is immaterial.

Id.—Assignee of Mortgage not Bound by Defense—Absence of No-
tice—Adverse Terms of Resolution Immaterial.—Assuming that
the terms of the resolution were adverse to the plaintiff, as assignee
of the mortgage, yet since he had no notice of its contents he can-
not be bound thereby, and a finding as to the defense arising from
its terms would be immaterial as to the plaintiff, whatever its terms
may be.

Id.—Nonpayment of Note Secured—Presumption from Averments
of Complaint—Burden of Proof—Finding not Required.—Where
the complaint alleged the plaintiff was the owner and holder of the
note secured, the presumption is raised therefrom that the note has
not been paid, and the burden is upon the party defending against
the note to prove that it has been paid if such be his defense.

Id.—Presumption upon Appeal—Absence of Evidence in Bill of
Exceptions.—It would be the duty of the defendant appealing, if he
had introduced evidence to show payment, to embody the same in
the bill of exceptions, and when no such evidence appears, it must be
presumed that there was no evidence to overcome the presumption
of nonpayment.

Id.—Validity of Mortgage to Minority of Directors—Ratification
by Stockholders—Good Faith—General Rule.—Although it is
a rule that transactions between a director of a corporation as an
individual and the corporation will always be subject to severe
scrutiny and required to be characterized by the utmost good faith,
yet a director may advance money to it, may become its creditor,
may take from it a mortgage or security, and may enforce the same
like any other creditor; and where a mortgage is made by a ma-
jority of the board of directors to the minority thereof who did not
participate therein, and was executed in good faith and free from
all taint of fraud, and was ratified by more than two-thirds of the
stockholders, such mortgage is valid, and may be enforced by the
assignee thereof for indemnity.

Id.—Collusive Judgment Vacating Mortgage.—Although the judgment
vacating the mortgage did not bind the plaintiff, yet the circum-

stances appearing upon its face indicating that it was rendered by consent of all the parties to the action afford ground of suspicion that it was collusively procured for the purpose of defeating the plaintiff's indemnity against loss.

APPEAL from a judgment of the Superior Court of Tuolumne County.  G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, for Appellant.

H. F. Peart, and J. B. Curtin, for Respondent.

HART, J.—This is a suit for the foreclosure of a mortgage executed to secure the payment of a promissory note for the sum of $6,000.

The appeal is from the judgment foreclosing said mortgage upon the judgment-roll alone.

The facts as found by the court are as follows: On the sixth day of July, 1904, the defendant, Altadena Mining and Investment Syndicate (to which we shall hereafter refer as "the defendant," inasmuch as the action was dismissed as to the fictitiously named defendants), executed to M. F. Fillmore and J. J. Smith its promissory note for the sum of $6,000, and at the same time executed and delivered to said Fillmore and Smith, as security for the payment of said note, a mortgage upon certain lands and premises situated in Tuolumne county.  Said mortgage was recorded in the office of the county recorder of Tuolumne county.  The indebtedness for which said note was given was incurred some time prior to the execution of the note, and, in the language of the finding upon that point, "was represented by bonds evidencing indebtedness."

Fillmore and Smith, payees of the note, were members of the board of directors of the defendant at the time of the execution of the note and mortgage, but the court found that said Fillmore and Smith "did not vote or participate in said meeting when the execution of said mortgage was being considered or voted upon, but that the majority of the board of directors then remaining unanimously authorized the execution of said note and mortgage, and that the said board of directors in causing said note and mortgage to be executed by said cor-

poration were not procured so to do by either said J. J. Smith or M. F. Fillmore, or by both of them.''

Subsequently to the execution of the note and mortgage the action of the board of directors in authorizing their execution and in executing the instruments was ratified by the holders of more than two-thirds of the entire capital stock of said defendant, said act of ratification having been reduced to writing, and signed, acknowledged and certified to, as required by law, and recorded in the office of the county recorder of Tuolumne county.

Thereafter, said J. J. Smith and M. F. Fillmore assigned said note and mortgage to one A. I. Smith, who on the twenty-third day of February, 1905, assigned the same to Paul M. Nippert Company, a corporation organized and existing under the laws of this state, and which corporation is the designated agent of the plaintiff in this state, and thereafter said Paul M. Nippert Company assigned said note and mortgage to the plaintiff under the following circumstances:

It appears, and the court so found, that at the time of the assignment of said note and mortgage to the plaintiff an action was pending in the superior court of the county of Santa Clara wherein one E. G. Northrup was plaintiff and the defendant herein was defendant, in which action said Northrup, on the seventeenth day of February, 1905, recovered a judgment against the defendant in said action (the defendant in this) in the sum of $1,968, including costs. The said defendant, desiring to take an appeal from said judgment to the appellate court of the first district, applied to the plaintiff in this action to become the surety on the undertaking on appeal, and the plaintiff herein agreed to become such surety on such undertaking provided that the defendant in said action and herein would indemnify plaintiff against loss in the event the judgment in said action was affirmed on appeal, and thereupon, for the purpose of so indemnifying plaintiff, the said A. I. Smith, on the twenty-third day of February, 1905, assigned said note and mortgage to the plaintiff. In accordance with this arrangement, plaintiff executed and delivered to the defendant an undertaking on appeal in the sum of $300 to perfect said appeal, and a further undertaking in the sum of $3,950, the same being double the amount of said judgment, in order to stay execution thereon, the condition

being that it would pay said judgment in case the same was affirmed on appeal.

Thereafter, and on the tenth day of July, 1907, the said judgment was affirmed by the court of appeal of the first dis-trict, and therefore, at the time of the commencement of the present action, there was due said Northrup upon said judgment the sum of $1,968, including costs and interest.

On the fifth day of September, 1906, in an action then pending in the superior court in and for Alameda county, in which said Northrup and others were plaintiffs, and the defendant herein and said J. J. Smith and said A. I. Smith and others were defendants, judgment was rendered and entered wherein and whereby the note and mortgage involved in the present controversy, together with the action of the stock-holders of the defendant ratifying the action of the board of directors of said defendant in authorizing the execution of and in executing said note and mortgage, were set aside and canceled, and said "judgment has become and is now final."

The plaintiff here was not a party to said action "and had no notice or knowledge of the entry of said judgment, but at the time that said note and mortgage were assigned to plaintiff, and at the time plaintiff became surety on said undertaking on appeal, it believed that said note and mortgage were in full force and effect, and that no officer or stockholder of said corporation, Altadena Mining and Investment Syndi-cate, or any person advised it to the contrary."

The court further found that at the time of the ratification by the stockholders of the action of the board of directors in the execution of the note and mortgage concerned here said J. J. Smith was the owner of 70,425 shares of the capital stock of the defendant. The decree in the Alameda county case adjudged that said Smith was not the owner of said stock or of any stock in defendant.

Upon the foregoing facts, as found by the trial court, the appellant urges the following contentions on this appeal, for which, it insists, the judgment must be reversed:

1. That the court failed to make a finding, which is essential to the validity of the note and mortgage, that the "authorization, or purported authorization, of the note and mortgage was made at a regular meeting of the board of directors or at a special meeting regularly called for that pur-

pose"; that there is no finding that the note and mortgage, or either of them, were authorized by a majority of the board of directors.

2. That the finding that the defendant was indebted to Smith and Fillmore is contradictory to and inconsistent with the recitals of the judgment of the superior court of Alameda county, setting aside and canceling the transaction by the board of directors of defendant resulting in the execution of the note and mortgage in dispute and setting aside the purported ratification of said transaction by the stockholders of the defendant.

3. That the finding that at the time of the ratification by the stockholders of the action of the board of directors in the execution of said note and mortgage said J. J. Smith was the owner of 70,425 shares of the capital stock of the defendant is contrary to, and inconsistent with, the judgment of the superior court of Alameda county, heretofore referred to, by which it was adjudged, among other things, that said J. J. Smith was not the owner of said stock or any stock of the defendant, said judgment having been rendered more than one month prior to the commencement of this action.

4. That the court failed to make a finding with reference to the resolution adopted by the board of directors authorizing the execution of the note and mortgage; that said resolution was set out in the answer and involved a material fact in defense of the action, inasmuch as by the terms of said resolution the note is made payable "out of money to be received from one Mr. Holmes," and that thus an "equity was created between the payor of the note and the payees," and that the respondent took the note subject to such equity; that the failure to find on such issue is fatal to the judgment.

5. It is further insisted that the court's failure to find that the note was unpaid constitutes an omission to find upon a material fact essentially an issue in the case, and that for such failure the judgment must be reversed.

6. The point is made that the action of the board of directors is void, or at least voidable, for the reason that the payees of the note were members of the board of directors at the time the note and mortgage were authorized to be executed and at the time the same were executed and delivered to the said payees.

1. It will be convenient to first dispose of the second and third points of appellant in the order in which they are stated in the foregoing.

The defendant, in its answer, pleaded in bar of this action the judgment of the superior court of Alameda county, canceling the note and mortgage in controversy and setting aside the action of the stockholders ratifying the action of the board of directors in executing said note and mortgage. Upon motion, however, that portion of the answer pleading said judgment was stricken out on the ground that the plaintiff became the owner and holder of said note and mortgage prior to the rendition and entry of said judgment and was not made, nor was it a party to the action in which said judgment was rendered and entered, and it could not, therefore, be bound by it. The motion to strike out that portion of the answer was proper, and the consequence of the granting of said motion was, manifestly, to eliminate said judgment as an issue in the case, in so far as any effect it might be supposed to have as a bar or a defense to plaintiff's cause of action. But the court made a finding as to the rendition and entry and the effect, in a certain aspect of the case, of said judgment, and the presumption is that evidence of said judgment and its recitals was received into the record. As one of its conclusions of law, the court found that, in the event that the mortgaged property should sell for a sum in excess of the judgment herein, costs, attorneys' fees, etc., such overplus should be paid over to the defendant. It is thus made clearly to appear that the reception of evidence of the said judgment of the superior court of Alameda county was grounded upon the proposition that the note and mortgage, having by said judgment been canceled, were void as to any rights which the assignor of the defendant might claim thereunder, and that any overplus from the sale of the property after the satisfaction of the judgment, costs, etc., herein would rightfully belong to the defendant. It is, therefore, readily to be perceived that the position of appellant that the findings as to the indebtedness of the defendant to J. J. Smith and Fillmore and that Smith, at the time of the ratification of the action of the directors in executing the note and mortgage, by the stockholders, was the owner of 70,425 shares of the stock of the defendant, are contradictory to the recitals in the said

judgment of the superior court of Alameda county, is, as a matter of law, entirely devoid of any foundation for its support. It is plain to be seen that there could be no inconsistency between the court's findings on the points under consideration and the recitals of the Alameda court's judgment unless the latter could be successfully pleaded and proved in bar of plaintiff's right of action, and, as we have shown, evidence of said judgment and its recitals was not admitted upon that theory.

The court, to briefly recapitulate, correctly held, in its ruling on the motion to strike out, that the Alameda county judgment could not, under the circumstances as disclosed by the answer itself, operate as a bar to plaintiff's right to the relief demanded by the averments of its complaint; but at the trial, with manifest propriety—indeed, in response to the demands of justice and equity—the court received evidence of said judgment so that any excess which might be realized from the sale of the property over the amount necessary to indemnify the plaintiff against loss might be adjudged to belong to the party justly and legally entitled thereto; or, as the court concluded as a matter of law, in case the plaintiff was not compelled to satisfy the judgment rendered by the superior court of Santa Clara county in favor of E. G. Northrup and against the defendant here, the whole sum realized from the sale of the mortgaged property, less the costs, attorneys' fees, etc., should be paid to said defendant.

2. The contention that the failure of the court to make specific findings as to whether the resolution authorizing the board of directors to execute the note and mortgage was adopted at a regular or a legally called special meeting is without substantial merit, as is, likewise, the point that there is no finding that such authorization was made by a majority of the board of directors. It appears from the findings that at the time the note and mortgage were authorized to be made said J. J. Smith and M. F. Fillmore, payees of the note, were members of the board of directors of the defendant, and the proposition that the court did not find that the said instruments were authorized to be made by a majority of the directors proceeds from a somewhat subtle, if not hypercritical, analysis and challenge of that portion of finding No. IV, which reads as follows: ". . . but at the time and at the

meeting whereby said mortgage was authorized to be executed said J. J. Smith and M. F. Fillmore did not vote or participate in said meeting when the execution of said mortgage was being considered or voted upon, *but that the majority of the board of directors then remaining* unanimously authorized the execution of said note and mortgage,'' etc.   It is said that the language of said finding which we have italicized is so ambiguous that it fails to clearly disclose that a majority of *all* the members of the board of directors authorized the mortgage to be executed.   The finding, it may be conceded, could have been more clearly phrased, but we think its language is clear enough to indicate that the court therein intended to find, and does thereby find, that a majority of *all* the board of directors were present and participated in the proceedings culminating in the authorization of the execution of the instruments.   In other words, we think the finding must be construed to mean that, with Smith and Fillmore absent, so far as taking any part in the proceedings was concerned, the remaining members of the board transacted the business concerning the note and mortgage.   This construction not only gives the finding its evident meaning, but harmonizes with the rule as it has been uniformly followed in California in the construction of findings of fact.   In *Breeze* v. *Brooks,* 97 Cal. 77, [31 Pac. 744], it is said that ''the findings of the court should receive such construction as will uphold rather than defeat the judgment; and when, from the facts found by the court, other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court.''   And in *Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986], the court declares that ''any uncertainty in the findings is to be construed so as to support the judgment rather than defeat it.''   (See, also, *Krasky* v. *Wollpert,* 134 Cal. 342, [66 Pac. 309] ; *Paine* v. *San Bernardino etc. Co.,* 143 Cal. 656, [77 Pac. 659] ; *Gould* v. *Eaton,* 111 Cal. 639, [52 Am. St. Rep. 201, 44 Pac. 319] ; *People's Home Savings Bank* v. *Rickard,* 139 Cal. 285, [73 Pac. 858].)

It is true that there is no finding which in express language indicates whether the meeting at which this transaction was conducted was a regular meeting of the board or a regularly

called special meeting.  But we think the presumption must be indulged that it was a lawful meeting of the board.

3. The point urged by appellant that the resolution authorizing the execution of the note and mortgage, having been pleaded in the answer as one of the defenses against the action to foreclose the mortgage, involves a material issue, upon which a finding should have been made, cannot be sustained.

The necessary effect of the argument upon this point is that the resolution, having specifically designated a particular fund, or money to be derived from a particular source, out of which the note should be paid, its payment out of any other money or by any other means cannot be coerced.  This proposition is devoid of any solid reason for its maintenance. In the first place, the resolution does not by its terms limit the right to compel the payment of the note to the contingency that there shall be received by the defendant certain moneys from said ''Mr. Holmes.''  It provides as well for a mortgage to be executed upon the property of the defendant as security for the payment of the note.  Besides, the note, as must essentially be the fact, is, upon its face, an unconditional promise to pay to the payees the sum set forth therein, and there is no provision in said note that it is to be paid only out of money to be obtained from a particular person or source.

The plaintiff, so far as the findings disclose, took the note by assignment in the nature of collateral security—that is, for the purpose of indemnifying it against any loss it might sustain through having become the surety for the defendant on the appeal from the judgment obtained against it by Northrup.  Assuming that the terms of said resolution could in any event affect the right of plaintiff to maintain this action, there is absolutely nothing in the record from which it may even be remotely inferred that the plaintiff had any knowledge of the contents of the resolution, by which the directors of the defendant authorized themselves to make the note and mortgage.  As before declared, the judgment adjudging the whole transaction void and setting it aside could in no manner or degree bind the plaintiff, it not having been made a party to the action in which that judgment was given.  It would seem, we may say in this connection, that it was intended that

the plaintiff should know nothing of that action, for the defendant knew that the note and mortgage had been assigned to plaintiff for its (defendant's) benefit prior to the commencement of said action, and yet consented to a judgment declaring the note and mortgage void.

We conclude upon this point that the resolution or its terms did not constitute a material issue in the case, and it follows, of course, that no finding with regard thereto was necessary or required.

4. The contention that the court committed a vital error by not finding that the note had not been paid is untenable.

It is a well-established rule that where a complaint in an action on a promissory note alleges that the party declaring thereupon is the "owner and *holder*" of the note raises the presumption that such note has not been paid, and that the burden is upon the party defending against the note to prove that it has been paid, if such be his defense. (*Griffith* v. *Lewin,* 125 Cal. 620, [58 Pac. 205] ; *Pastene* v. *Pardini,* 135 Cal. 434, [67 Pac. 681] ; *Stuart* v. *Lord,* 138 Cal. 672, [72 Pac. 142] ; *Thompson* v. *Thompson,* 140 Cal. 546, [74 Pac. 21].)   The court finds, but denominates it as a conclusion of law, that "plaintiff is the lawful owner and *holder* of said note and mortgage," etc.   But, although this finding or conclusion is designated by the court as a conclusion of law, it nevertheless involves the finding of a fact, and is sufficient as such to support the judgment in that respect.   If the plaintiff is the lawful owner and *holder* of said note, then certainly the presumption is that it has not been paid.   It is moreover to be presumed that if the defendant had introduced proof sufficient to overcome the presumption of the nonpayment of the note the court would have made a finding accordingly. Furthermore if, as a matter of fact, the defendant introduced evidence addressed to the proposition that the note had been paid, it should have brought up such evidence by a bill of exceptions or a statement, and, having failed to do so, the presumption is that, if evidence was offered and received upon the point, such evidence was against it, the burden being upon it to prove the fact or overcome the presumption of nonpayment.

5. It is lastly contended that the note and mortgage are void because the payees were directors of the defendant at the

time of the execution of the instruments, Smith being also secretary of the board of directors at said time. In support of this proposition, we are referred to the comparatively recent case of *Pacific Vinegar & Pickle Works* v. *Smith*, 145 Cal. 365, [104 Am. St. Rep. 42, 78 Pac. 550]. But an examination of that case will readily disclose that it does not sustain the position of appellant here.

It is there held (we quote from the syllabi which correctly state the propositions as they are treated in the text) that "one who is president and director of a corporation occupies a beneficiary and trust relation thereto; and where he purchased its notes outright, and caused the corporation, by himself as president, to become an indorser thereof to himself individually, guaranteeing the payment of the notes without the authority, knowledge, or approval of the corporation, he cannot maintain an action to enforce the express contracts of indorsement, the making and enforcement of which are equally prohibited by law. Such contracts are a breach of trust, and voidable at the mere election of the corporation, if not absolutely void. . . ." The president of the corporation in that case had done, according to the evidence, the very thing which the foregoing declares cannot be lawfully done in a transaction between himself and the corporation, the relation between the two being essentially fiduciary in its nature. No one could have the temerity to dispute the soundness, justice and equity of the rule as thus laid down. Here, however, the findings show a state of facts which marks a clear line of distinction between that case and the one at bar. As seen, it not only appears that the payees of the note took no part in the execution of the note and the mortgage, or in the proceedings of the board of directors leading thereto, but that the action of the directors in the matter was subsequently ratified by the holders of more than two-thirds of the entire capital stock of the defendant.

In *Pacific Vinegar etc. Works* v. *Smith, supra,* Mr. Justice Lorigan, who wrote the opinion, exhaustively examines and reviews a large number of the cases touching upon the proposition under discussion, and with most gratifying perspicuity points out the difference between that class of cases where an officer of the corporation as such deals with himself in his individual capacity concerning the property of the corpora-

tion, without the knowledge and consent of the corporation or the stockholders, and that line of cases in which an officer of the corporation prosecutes and consummates a transaction in his individual right with such corporation with the consent of the corporation, and without having himself taken part as an officer of the corporation in the transaction. Referring to the cases cited by the respondent in that case (the president of the corporation), the opinion says: "In none of these cases is it held that he could deal with himself, or that a contract made with himself *without the knowledge of the other directors or the stockholders, or without the subsequent ratification or approval of the corporation* (italics ours), could be sustained or enforced against the corporation. This marked distinction is plainly declared in a line from one of the cases cited by respondent (*Twin Lick Oil Co.* v. *Marbury*, 91 U. S. 590), where the court says: 'The defendant was not here both seller and buyer.' " The court then proceeds to specifically notice the cases cited by respondent, and among others, the case of *Santa Cruz R. R. Co.* v. *Spreckels*, 65 Cal. 193, [3 Pac. 661, 802], of which it is said: "No question of a director dealing with himself is involved. The plain point decided there was, that the corporation having borrowed money from the director, Hihn, the latter was entitled to be repaid," citing a large number of California cases to the point that "where the corporation has dealt with the director he may recover upon a *quantum meruit*. Not, however, that a director can recover upon an express contract made with himself *without the knowledge or sanction of the corporation.*" (Italics ours.)

Of course, a director or other officer of a corporation cannot become interested as an individual in a transaction with such corporation involving the trust with which as such officer he is charged where his interest in such transaction is adverse to that of his beneficiary. (Civ. Code, sec. 2230.) A director of a corporation, like any other trustee, is bound to act in the utmost good faith toward his beneficiary. (Civ. Code, sec. 2228; *Schnittger* v. *Old Home etc. Min. Co.*, 144 Cal. 606, [78 Pac. 9].) But, as is declared by the supreme court in the last-cited case, a person is not absolutely precluded from dealing directly with the corporation of which he

11 Cal. App.—12

is a director. ''Any transaction between them is subject to rigid scrutiny, and is voidable at the instance of the beneficiary for any violation of his duty as trustee, but is not *ipso facto* void. 'The mere fact that the creditor was a director of the company does not render the transaction fraudulent. There is nothing which forbids either members or directors of a corporation from making contracts with it like any other individual; and when the contract is made, the director stands as to the contract in the relation of a stranger to the corporation' ''; citing *Stratton* v. *Allen,* 16 N. J. Eq. 229. In short, the sum of all the authorities is that, while transactions between a director of a corporation as an individual and the corporation will always be subject to severe scrutiny, and required to be characterized by the utmost good faith, a director of a corporation may advance money to it, may become its creditor, may take from it a mortgage or security, and may enforce the same like any other creditor. (3 Thompson on Corporations, sec. 2068.)

The findings in the case at bar disclose no bad faith in the transaction resulting in the execution of the note and mortgage involved here. To the contrary, they show that the transaction was had in good faith and free from all taint of fraud. They further show, as we have seen, that the plaintiff accepted the note and mortgage as a security against loss as surety on the defendant's appeal in an action in which a heavy judgment had been obtained against it before any claim was made or effort put forth to show that the transaction was anything other than an honest one.

While, as we have shown, the judgment of the Alameda superior court has no material relevancy to or bearing upon the merits of plaintiff's action here, it may be suggested that the circumstances, appearing upon its face, that said judgment was rendered and entered by consent of all the parties to the action of which it is the offspring furnishes some ground for suspecting that it was collusively procured for the purpose of defeating plaintiff's indemnity against loss.

In any event, we entertain no doubt that the judgment here is amply supported by the findings, and that it is just and involves a most equitable adjudication of the controversy.

The judgment appealed from is accordingly affirmed.

Chipman, P. J., and Burnett, J., concurred.