[Civ. No. 5262.   First Appellate District, Division Two.—December 8, 1925.]

E. M. KING, Appellant, v. ROSA TARABINO, Administratrix, etc., Respondent.

[1] ALTERATION OF INSTRUMENTS — CHECKS — EVIDENCE — ORDER OF PROOF—DISCRETION.—In an action on an altered check, the admission of the check in evidence before defendant had made any defense was not error and not determinative of plaintiff's right to recover, the order of proof being within the discretion of the

---

trial court under sections 607 and 2042 of the Code of Civil Procedure.

[2] Id.—Delivery—Consideration — Evidence — Burden of Proof— Instructions.—In such action, certain instructions to the effect that the burden of proof was on the plaintiff to show delivery of the check and that said delivery was for a valuable consideration were properly given by the trial court, although in the case of unaltered instruments the consideration is presumed.

[3] Id.—Instructions—Presumptions.—In such action, certain instructions given by the trial court relative to presumptions were not confusing.

[4] Id.—Integrity of Altered Instrument — Absence of Conflict in Instructions.—In such action, an instruction that there are no presumptions in favor of the integrity of the altered check was not ·in conflict with other instructions defining and relative to presumptions generally.

[5] Id.—Date—Consideration—Instructions.—In such action, where no evidence was introduced that brought the case within the provisions of sections 3094 and 3095 of the Civil Code, relating to the validity of a negotiable instrument regardless of the date inserted by the maker, an instruction that services as a nurse would not constitute such a valuable consideration as would support a subsequent promise to pay an amount greatly in excess of their value as to be wholly disproportionate thereto was not in conflict with such code sections.

[6] Id.—Refusal of Requested Instructions—Other Instructions. In such action, the plaintiff was not prejudiced by the refusal of the trial court to give a requested instruction where the subject matter thereof was fully covered by other given instructions.

[7] Appeal — Briefs — Objections to Evidence — Insufficient Assignment of Error.—An appellate court will not make a comparison of the allegations of the pleadings one with another, the calls of a question as compared with the allegations of the pleadings, and the elements of an objection as compared with the terms of the question objected to, when the party complaining of error, in violation of the calls of the statute and the rules of the appellate court, fails to make such comparison in his brief.

---

(1) 38 Cyc., p. 1352, n. 15, p. 1353, n. 17, p. 1354, n. 18.   (2) 8 C. J., p. 991, n. 10, p. 1076, n. 30.   (3) 8 C. J., p. 1072, n. 89. (4) 8 C. J., p. 1073, n. 90.   (5) 8 C. J., p. 1077, n. 41; 38 Cyc., p. 1603, n. 59, p. 1653, n. 11 New.   (6) 8 C. J., p. 1073, n. 3; 38 Cyc., p. 1711, n. 19.   (7) 3 C. J., p. 1416, n. 76 New.

6.  See 24 Cal. Jur. 806; 14 R. C. L. 752.
7.  See 2 Cal. Jur. 728; 2 R. C. L. 177.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kimball Fletcher for Appellant.

Arthur W. Eckman and Wm. B. Himrod for Respondent.

STURTEVANT, J.—This is the second appeal in the above-entitled action. The decision on the first appeal (53 Cal. App. 157 [199 Pac. 890]), sets forth all of the facts and there is no necessity for repeating the facts in detail.

The plaintiff sought to recover on a check which had certain alterations on the face thereof. On the first appeal it was held that the plaintiff must first assume the burden of accounting for the alterations. When the case was on trial the second time each party offered the testimony of certain witnesses as experts on the subject of the alterations. Thereafter the court instructed the jury and gave to the jury a general verdict and a number of special verdicts. The jury returned a general verdict and special verdicts in favor of the defendant and a judgment was entered in accordance therewith. From that judgment the plaintiff has appealed.

[1] The appellant contends that she made out a complete case and that the respondent did not make out any defense and therefore the verdict was contrary to the evidence. In making this contention the appellant cites and relies upon *Thompson* v. *Thompson,* 140 Cal. 545 [74 Pac. 21]. That case is not in point because the writing involved in that case was entirely regular on its face. In connection with this point the appellant seems to contend that because the check was received in evidence that fact was determinative of the litigation. Of course, that is not the rule. To state such a proposition is to say that under certain circumstances a defendant is not to be heard at all. When the trial court admitted the check in evidence the ruling of the trial court was in effect to say that the appellant had introduced some evidence tending to support her contention. In this connection we understand the appellant to take the position that the respondent should have made her showing before the

check was received in evidence; or, in other words, that in a case such as the instant case the ruling admitting the check in evidence should occur as the very last step in the proceedings in the introduction of evidence in the trial court. The appellant cites and relies in this behalf on what is said in *Manuel* v. *Flynn*, 5 Cal. App. 319, 326 [90 Pac. 463]. There is some language in that case tending to support the contention of the appellant but there is nothing in that case to the effect that the trial judge may not for special reasons otherwise direct the order of proof or that it is error for the trial court to receive certain proof out of order. (Code Civ. Proc., secs. 607, 2042.)

The appellant makes several points regarding the giving and refusing of instructions. As printed in the transcript, instructions requested but not given are set forth consecutively and for the purposes of this decision we have lettered the same a, b, c, etc. The instructions given by the trial court are set forth consecutively, but are not numbered, and for the purposes of this decision we have numbered the same 1, 2, 3, etc. Commencing with No. 15 the instructions given include the following:

15. "The alteration of the signature 'Owen Apartments, By John Tarabino' by a crossing out of the words 'Owen Apartments' is a material alteration of the signature, and consequently the plaintiff under the law must prove by a preponderance of all the evidence that the alteration was made with the knowledge and consent of the said John Tarabino, before plaintiff can recover.

16. "Section 1700 of the Civil Code of the State of California provides as follows: 'The intentional destruction and cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act,' which is but the statutory declaration of the common law that any material alteration of a written instrument made after its execution by a party claiming thereunder or with his privity, without the authority or consent of the other party, or parties, to the instrument, invalidates the instrument in the hands of the party responsible for the

alteration, unless the maker subsequently ratified the alteration.

17. "You are instructed that the check sued upon in this action shows upon its face that it was altered after its signing in that some person, or persons, after John Tarabino wrote at the bottom of the paper 'Owen Apartments by John Tarabino,' expunged the first line of the said signature, leaving standing only the words 'By John Tarabino,' and which alteration would be a material alteration under the law, unless it was assented to or ratified by him.

18. "Therefore, before you can find a verdict for the plaintiff in this case, you must find, by the preponderance of the evidence, as the same is defined in these instructions, that said alteration of said check was made by, or with the knowledge and consent of John Tarabino, or was subsequently ratified by him.

19. "You are instructed that if, at the close of all the evidence in this case, the evidence is evenly balanced as to whether or not the striking out of the words 'Owen Apartments' from the signature on said check was done with the knowledge, or authorization, or consent, or was subsequently ratified by John Tarabino, then and in that event, the plaintiff has not proved by a preponderance of the evidence the truth of such fact, and therefore, your verdict should be for the defendant.

20. "In other words, as to any question in this case, the burden of proof of which the court has instructed you is upon the plaintiff, should you feel, at the close of the case, that the evidence respecting the point, is evenly balanced, then, the proposition has not been proven by a preponderance of the evidence, and your verdict should be for the defendant.

21. "You are instructed that the delivery of the instrument sued upon in this action and the consideration therefor, are denied by the defendant under oath. This places upon the plaintiff the burden of proof by a preponderance of the evidence that the instrument in controversy, in its altered form as alleged in the plaintiff's complaint and as appears as to the date and signature, was delivered to the plaintiff by the decedent, John Tarabino, in his lifetime; and this burden must be sustained by the plaintiff, either by direct or indirect evidence, or by presumptive evidence,

or by both. If you find from a preponderance of the evidence that the plaintiff has proven by such evidence that the said instrument, in its form, as alleged in her complaint and as appears in the date and signature, was delivered to the plaintiff by said decedent, John Tarabino, and that said delivery was for valuable consideration, then and in that case, your verdict should be for the plaintiff, otherwise for the defendant.

22. "It is a presumption of law in this state that a person is the owner of property from exercising acts of ownership over it, and also, that a thing which a person possesses is owned by him.

23. "A presumption of law is a deduction which the law expressly directs to be made from particular facts. It can be founded only upon a fact or facts legally proved, and not upon another presumption or upon a mere inference of fact.

24. "The foregoing presumptions are disputable, that is to say, they are satisfactory if uncontradicted, and unless so contradicted the jury is bound to find in accordance with the presumption. But they may be controverted by other evidence, direct or indirect. When such a presumption is so controverted by other evidence, direct or indirect, it is to be regarded as evidence in the case giving rise to a conflict of evidence, and it is then for the jury to resolve the conflict and determine whether it will find in accordance with the presumption, or in accordance with the other evidence.

25. "It is for the jury to say whether or not, from a preponderance of all the evidence, there was any consideration of any character or kind for the making, signing and delivery of the check in question by said John Tarabino to the plaintiff, if you find that said John Tarabino made, signed, and delivered said check to plaintiff in the form in which it has been presented in evidence and to the jury. In other words, if you find from a preponderance of the evidence that the check, in its present form, was delivered by John Tarabino, it will then be for you to find from the evidence whether it was delivered for a valuable consideration, or whether it was delivered as a gift.

26. "You are instructed, as a matter of law, that unless a check is supported by a valuable consideration, it is re-

voked by the death of the maker before its payment, and, therefore, even though you should believe, in this case, from a preponderance of the evidence, that the alterations upon the check in question were made by, or with the knowledge and consent of John Tarabino, or were subsequently ratified by him, yet, your verdict cannot be for the plaintiff unless the plaintiff has proven by a preponderance of the evidence that there was a valuable consideration for the giving of the check to her by John Tarabino, and unless the plaintiff has established this latter proposition, your verdict must be for the defendant.

27. "As already stated to you in these instructions, the check sued on in this case appears to have been materially altered after signing. You are instructed that there are no presumptions in favor of the integrity of such an altered instrument, and that the burden is on plaintiff to prove by a preponderance of the evidence in the case that such check was delivered to her by John Tarabino in its present condition, or that John Tarabino authorized or directed plaintiff to write her name in said check as payee, together with the words Five Thousand Dollars, in words and figures, and the date, August 13, 1918, or that he assented to or ratified the same. You are further instructed that there is no presumption due to the mere possession of said check, that the same was given for a valuable consideration, and the burden is upon plaintiff to prove by preponderance of all the evidence on that point that there was a valuable consideration for said check.

28. "You are instructed that any services rendered John Tarabino by E. M. King, as nurse or otherwise, if said service was rendered gratuitously, would not constitute a valuable consideration. If such services were rendered and were not gratuitous, they still would not constitute such a valuable consideration as would support a *subsequent* promise to pay an amount so greatly in excess of their value as to be wholly disproportionate thereto.

29. "Some testimony has been admitted in evidence relative to an engagement of marriage between plaintiff and defendant, John Tarabino. Such an engagement, if it existed, would not constitute a valuable consideration to support the check sued on. Where a check is given solely upon

the consideration of love and affection, or gratitude and esteem, the death of the maker of such check before it is presented to the bank for payment revokes such check and renders it void.

30. "It is the duty of the jurors to deliberate and consult with a view of reaching an agreement, if they can do so, without violence to their individual judgment, upon the evidence and under instructions of the court. Each juror must ·decide the case for himself or herself, but no juror should defer to the opinion of a majority of the jurors if he or she is convinced that a contrary view is proper under the law and evidence in this case.

"In other words, no juror should bow to the will of the majority, merely because it is a majority opinion, but should arrive at his or her conclusion from a careful consideration of all the evidence and the instructions in the case."

It will be noted at once that the trial judge meticulously distinguished (1) an unaltered check from (2) a check altered before execution, and (3) from a check altered after execution.

[2] The appellant contends that instructions numbered 20, 21, 26, and 27 conflict with the doctrine stated in *Thompson* v. *Thompson, supra,* and *Pacific Improvement Co.* v. *Maxwell,* 26 Cal. App. 265 [146 Pac. 900]. The cases cited deal with unaltered instruments. There is nothing in the instructions complained of which is at variance with the cases cited.

[3] The appellant complains of instructions numbered 22, 23, and 24, claiming that they were confusing. The point is not elucidated by argument. We have carefully read the instructions and find no error.

[4] The appellant also objects to instruction number 27, and asserts that it nullified the instructions referred to in the preceding paragraph. In support of the contention she cites *Bagley* v. *McMickle,* 9 Cal. 430. A most cursory reading of the instructions discloses that one does not conflict with the other, and we find nothing in the case cited which contains anything to support the argument of the appellant.

[5] The appellant asserts that instruction number 28 conflicts with the provisions of sections 3094 and 3095 of the Civil Code. The point is without merit. Moreover,

there was no evidence introduced at the trial that brought the case within the provision of either of the code sections cited.

The appellant cites instruction number 26 and then she cites the rule that the burden of showing a want of consideration to support an *unaltered* written instrument rests on the party who would defeat the written instrument. The vice in the contention is that the court in the instruction in question was addressing itself to the law applicable to an *altered* written instrument.

The appellant complains of instruction number 28 and asserts that it was confusing or otherwise it indicated the expression of an opinion by the court on a question of fact. It is not vulnerable to either attack.

[6] The appellant claims that she was seriously prejudiced by the refusal of the trial court to give the instruction lettered "a." There is nothing in the claim because the subject matter was fully covered by instructions numbers 12, 13, and 14.

The appellant complains because the trial court refused to give the requested instruction lettered "b." The subject matter of that requested instruction was the disputable presumptions defined in section 1963 of the Code of Civil Procedure. The instructions which the court did give and which we have quoted above fully cover the subject matter. The appellant has not called to our attention any particular in which they do not.

[7] The appellant makes the claim that the trial court erred in ruling on the admission of evidence. She divides this claim into five divisions. The form of the first division is similar to that of each of the other divisions. The first division is as follows: "In view of the allegations of the answer (Tr., fols. 27–29) it was error to sustain the objections assigned as objections 6 and 7 (Tr., fols. 195–199 and 199–201)." A brief made up in the foregoing form does not comply with the calls of the statute or the rules of this court and is not fair to the opposing party. An appellate court will not undertake to make a comparison of the allegations of the pleadings one with the other, the calls of a question as compared with the allegations of the pleadings, and the elements of an objection as compared

with the terms of the question objected to when the party complaining of error neglects to do so in the first instance.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 4, 1926.