[Civ. No. 11773.   Second Appellate District, Division Two.—June 6, 1938.]

HUGH WILTON, Appellant, v. A. B. CLARKE et al., Respondents.

Bates S. Himes, A. P. G. Steffes and Calvin L. Helgoe for Appellant.

John Leslie Goddard for Respondents.

WOOD, J.—Plaintiff commenced this action to obtain a judgment against defendants for services rendered as a real estate broker. In the first cause of action he alleges that a purchaser was found for the property of defendants. In the second cause of action he sues for the value of services rendered at the request of defendants. He prosecutes this appeal from a judgment in defendants' favor and from an order denying a motion to vacate the judgment.

Defendants were the owners of an apartment house known as the "Boynton". They authorized plaintiff by a written contract dated December 23, 1936, to act as exclusive agent for the sale or exchange of the property. The agreement, which was to be in force for one year, provided for the payment of a broker's commission in the event of a sale or exchange. The agreement provided: "The amount of the sales price and the terms and conditions of its payment are to be subject to the approval of the undersigned or their rejection as hereinafter set forth." The agreement further provided: "In the event the said Hugh Wilton shall present to the undersigned a trade, exchange or a sale of the real

property, specifying the price and terms of payment thereof, the undersigned will, within ten days after receipt in writing of such proposal to trade, exchange or sell said property, inform said Hugh Wilton as to their acceptance or rejection of same." On May 28, 1937, while defendants were in New York on vacation they received a letter from plaintiff's attorney presenting an offer for the purchase of the "Boynton" for the sum of $75,000, of which $35,000 was to be cash, the buyer to assume encumbrances not to exceed $40,000. Defendants rejected the offer and plaintiff commenced this action on July 27, 1937.

■ Plaintiff now contends that the rejection of the offer received May 28th was in fact a repudiation of the entire agreement and gave him a right of action against defendants. The trial court held that defendants did not repudiate the agreement. The letter to defendants telling of the prospective purchaser was answered by the following telegram: "The Boynton is not for sale to anyone at this time." On the same day defendants wrote to plaintiff and his attorney a letter containing the following: "Confirming my telegram of even date. The Boynton is not for sale to anyone at this time. Mr. Goddard will have our address from time to time in case you wish to get in touch with us." On May 29, 1938, upon receipt of the telegram from defendants, counsel for plaintiff wrote a letter to defendants containing the following: "If you are willing to accept the deal Mr. Wilton will continue to negotiate and to consummate it pursuant to the offer." On June 4, 1938, defendants telegraphed plaintiff as follows: "Present indebtedness more than Forty thousand Stop With improvements recently added make offer insufficient Stop Will return by the twentieth." When Mr. Clarke returned from vacation he went to Mr. Wilton's office, but although Mr. Wilton was in the office Mr. Clarke was unable to see him.

We are satisfied that the evidence is sufficient to justify the holding of the trial court that defendants did not repudiate the agreement between the parties. ■ The rule governing the functions of the trial court in drawing inferences from the evidence is well stated in *Paine* v. *San Bernardino etc. Co.*, 143 Cal. 654, 656 [77 Pac. 659] : "It is the province of the trial court to make any inference of fact which may be drawn from the evidence before it, or from the

facts found by it, and if from the facts which it has found other acts may be inferred which will support the judgment, it will be assumed that the trial court made such inferences. If different inferences may be drawn from those facts, this court will not, upon an appeal from the judgment, draw an inference contrary to that drawn by the trial court, or which will have the effect to defeat the judgment of that court.''

In order to charge a party with repudiation of a contract it must appear that his refusal to perform was absolute and unequivocal and it must have been treated and acted upon as such by the party to whom the promise was made. (*Rauer's Law & Collection Co.* v. *Harrell,* 32 Cal. App. 45 [162 Pac. 125]; 13 Cor. Jur., p. 654, sec. 727; *Dingley* v. *Oler,* 117 U. S. 490, 503 [6 Sup. Ct. 850, 29 L. Ed. 984].) The telegram of May 28th, sent while defendants were absent from the state on vacation, did not state that the property would not be sold at any time. Apparently plaintiff did not regard the telegram as a repudiation of the agreement for he immediately answered by letter suggesting the continuation of the negotiations to sell to the party who had made an offer for the property. This was followed by the telegram of June 4th, from defendants, sent within ten days from the receipt of the offer, in which it was pointed out why the offer could not be accepted, and the statement was added informing plaintiff that defendants would return ''by the twentieth''. Upon defendants' return an attempt was made to discuss the matter with plaintiff. From these facts and the inferences which the trial court was authorized to draw it is apparent that the reviewing court may not hold that the ruling of the trial court is not sustainable.

There is no merit in plaintiff's contention that he is entitled to judgment upon his first cause of action, in which he alleges that he found a buyer ready, able and willing to purchase the apartment house. The trial court found upon sufficient evidence that the prospective buyer was not ready and able to make the purchase. Moreover, the terms of the offer were subject to the approval of defendants, who, within the ten days prescribed by the agreement, rejected the offer.

The judgment and the order denying plaintiff's motion to vacate the judgment are affirmed.

Crail, P. J., and McComb, J., concurred.