53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re PATHFINDER III, Debtor.
MARTIN/BRATTRUD PROPERTIES; Robert L. Brattrud; Roslyn
Martin, Plaintiffs-Appellants,
v.
PATHFINDER III; Pathfinder IV, Defendants-Appellees.
 Nos. 93-56181, 93-56509.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided April 14, 1995.
 
 IN PART, REVERSED IN PART, REMANDED.
 Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 California's parol evidence rule does not bar Martin/Brattrud from presenting evidence of factual misrepresentations in support of its claim of fraudulent concealment. Brattrud alleges that he asked Patton on August 9, 1989, "How certain is it that General Dynamics will stay and renew their lease ...?" and that Patton responded that General Dynamics "had just recently renewed [its] lease on [a] "sister" building ... and that since the two buildings were 'tied' together through a series of underground co-axle [sic] computer and telephone cables that he was sure that they would stay." Pathfinder argues the parol evidence rule precluded the presentation of this evidence because it is "directly contrary to [the promises and/or warranties] contained in the Purchase and Sale Agreement." Pathfinder is incorrect. Patton's alleged statements are not "promises and/or warranties" contradicting the promises in the Agreement; rather, they are representations of fact that are admissible under the fraud exception to that rule. See Bank of America Nat'l Trust & Sav. Ass'n v. Pendergrass, 4 Cal.2d 258, 263 (1935) (parol evidence rule precludes evidence of promises at variance with the promises contained in a contract, but not evidence that one party concealed factual information from the other); Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal.App. 4th 603, 612-13 (Cal.Ct.App.1992) (same); Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal.App.3d 388, 422 (Cal.Ct.App.1989) (same).
 
 
 3
 The district court distinguished Marketing West on the ground that the fact concealed in that case "involved a scheme unrelated to the terms of the contract at issue," while the fact concealed in this case "pertains directly to the terms of an integrated agreement." However, the facts concealed in the two cases bore a similar relationship to the contracts at issue. The plaintiffs in Marketing West alleged that when they signed the agreements allowing termination of their employment without cause, the defendant-employers concealed the fact that it was their intention to replace the plaintiffs; similarly, Martin/Brattrud alleges that when it signed the Purchase & Sale Agreement Pathfinder concealed the fact that it had received a letter from General Dynamics indicating General Dynamics did not intend to renew its lease.
 
 II.
 
 4
 Martin/Brattrud presented evidence creating a genuine issue of material fact as to each element of fraudulent concealment.[1] See Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal.App. 4th 603, 612-13 (Cal.Ct.App.1992) (listing elements of fraudulent concealment claim).
 
 
 5
 If, as Brattrud alleges, Patton assured Brattrud that "he was sure [General Dynamics] would stay," Pathfinder had a duty to fully disclose any facts within its knowledge that were material to whether the lease would be renewed. Rogers v. Warden, 20 Cal.2d 286, 289 (1942) (party in arm's length transaction who partially discloses facts about a particular subject has duty to "make a full and fair disclosure" of facts pertaining to that subject).
 
 
 6
 Pathfinder contends, however, that even if it had such a duty, the July 19 letter was not significant because Pathfinder had "reduced the purchase price [to Brattrud] by almost $2,000,000 based on the fact that General Dynamics would not extend the lease," and thus the purchase price was "based on ... the assumption that General Dynamics' lease would not be extended"--the very fact Pathfinder allegedly concealed. However, Brattrud testified on deposition that he neither knew nor assumed that General Dynamics would not renew the lease and if he had "realized that [General Dynamics was] not going to renew the lease" he would not have purchased the property. Moreover, the correspondence Pathfinder offers in support of its argument could be read as indicating either that Martin/Brattrud knew General Dynamics would not renew (as Pathfinder contends), or that Martin/Brattrud knew the lease would expire and therefore knew General Dynamics might not renew. ER 398 ("You [Martin/Brattrud] stated to us [Pathfinder] that your offering price was reduced ... due to the fact that the lease ... reflecting General Dynamics as lessee, expires on January 1, 1991.") Thus, whether Martin/Brattrud entered into the Purchase & Sale Agreement knowing General Dynamics would not renew its lease is a disputed question of fact.
 
 
 7
 Pathfinder also argues that General Dynamics' July 19 letter was not material because the letter did not explicitly state that General Dynamics would not renew the lease. Pathfinder suggests that, even if the letter revealed General Dynamics' intent to vacate the premises, General Dynamics may nonetheless have opted to renew its lease and sublet the property in order to avoid the $600,000 fee required if it chose not to renew. However, the letter could just as reasonably be read as implying General Dynamics would not renew the lease, and whether the letter "materially qualif[ied] the facts disclosed" or "render[ed the] disclosure likely to mislead," Warner Constr. Corp. v. Los Angeles, 2 Cal.3d 285, 294 (1970) (in bank) is a question of fact to be resolved only after trial. See, e.g., McCue v. Bruce Enter., Inc., 228 Cal.App.2d 21, 28 (Cal.Ct.App.1964).
 
 
 8
 Pathfinder argues Martin/Brattrud failed to offer evidence creating a genuine dispute as to whether Pathfinder actually disclosed the July 19 letter to Martin/Brattrud. Pathfinder compares Patton's "clear and unequivocal[ ]" testimony that he gave Brattrud a copy of General Dynamics' letter to Brattrud's claim that "he does not recall seeing [the letter] and that the initials on the document do not appear to be his," and concludes "Brattrud's inability to recall delivery of the letter and denying the initials were his confirms that there is no issue of fact." In fact, Brattrud testified at his deposition that he was "99 percent" certain that the initials on the letter were not his. Further, Pathfinder fails to mention Brattrud's unequivocal declaration that he "never saw the letter." The rule that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony," applies only if the district court makes "a factual determination that the contradiction was actually a 'sham'," Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 267 (9th Cir.1991), yet the district court made no such finding. On this record, only a factfinder may assess the credibility of Martin/Brattrud's evidence that Brattrud was not aware of the contents of the letter and resolve the conflict between that evidence and the evidence offered by Pathfinder.
 
 
 9
 Finally, Pathfinder contends that Martin/Brattrud should be estopped from claiming it relied on Pathfinder's allegedly incomplete representation because Martin/Brattrud "expressly warranted [in the purchase agreement] that it was 'relying solely upon its own inspections, studies and investigations.' " The California Court of Appeal rejected the same argument in a similar case stating "a contract provision stating that all representations are contained therein does not bar an action for fraud." Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp., 95 Daily Journal D.A.R. 2550, 2553-54 (Cal.Ct.App. Feb. 7, 1995) (citing cases).
 
 III.
 
 10
 Martin/Brattrud failed to present evidence creating a genuine dispute as to its claims for breach of contract.
 
 
 11
 Martin/Brattrud failed to present evidence that could support a conclusion that the July 19 letter modified or repudiated General Dynamics' lease and that, therefore, Pathfinder breached its warranty that the Tenant Estoppel Certificates were accurate. The lease required that any document modifying the lease be signed by both Pathfinder and General Dynamics, and Brattrud presented no evidence that Pathfinder countersigned the letter. Further, Martin/Brattrud presented no evidence that Pathfinder treated the letter as a repudiation and acted in reliance thereon. Wilton v. Clarke, 27 Cal.App.2d 1, 4 (Cal.Ct.App.1938). Martin/Brattrud submitted only inadmissible hearsay in support of its claim that Pathfinder concealed defects in the building's flooring system.
 
 IV.
 
 12
 Neither Robert Brattrud nor Roslyn Martin has an actionable claim for infliction of emotional distress. California Civil Code Section 3343, which authorizes their claim for fraud, does not authorize damages for emotional distress, Devin v. United Services Automobile Ass'n, 6 Cal.App.4th 1149, 1162 (Cal.Ct.App.1992) ("[F]raud in the purchase, sale or exchange of property is limited to those damages specified by Civil Code section 3343, which does not include emotional distress."); nor do the additional claims contemplated by section 3343 include claims for emotional distress, O'Neil v. Spillane, 45 Cal.App.3d 147, 159 (Cal.Ct.App.1975) ("[T]he phrase [in section 3343] 'any legal and equitable remedies' does not pertain to the measure of damages and does not include recovery for pain and suffering, but rather preserves such other remedies as the right to rescind or the right to recover on a warranty theory.")
 
 V.
 
 13
 The bankruptcy court's and the district court's awards of attorney's fees to Pathfinder are vacated. Melamed v. City of Long Beach, 15 Cal.App.4th 70, 84 (Cal.Ct.App.1993) (where appeal of judgment results in reversal, lower court's attorney fee award based on "prevailing party" determination cannot stand). Each party shall bear its own costs on appeal.
 
 
 14
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pathfinder's contention that Martin/Brattrud failed to adequately raise its claim of fraudulent concealment before the bankruptcy court is incorrect. See ER 572, 581